In re CARDINAL INDUSTRIES, INC. et al., Debtors.

TRANSOHIO SAVINGS BANK, Plaintiff,

v.

The HUNTINGTON NATIONAL BANK, Defendant.

Bankruptcy No. 2–89–02779.
Adv. No. 2–90–0150.

United States Bankruptcy Court, S.D. Ohio, E.D.

March 14, 1991.

Alan R. Lepene, Thompson, Hine and Flory, Cleveland, Ohio and Richard K. Stovall, Thompson, Hine and Flory, Columbus, Ohio, for plaintiff.

Jack R. Pigman and Randall W. Knutti, Porter, Wright, Morris & Arthur, Columbus, Ohio, for defendant.

Jay Alix, Trustee, Jay Alix & Associates, Southfield, Mich.

Michael L. Cook, Sally M. Henry, Skadden, Arps, Slate, Meagher & Flom, New York City and Marilyn Shea–Stonum, Jones, Day, Reavis & Pogue, Columbus, Ohio, Counsel to the trustee.

Charles M. Caldwell, Asst. U.S. Trustee, Columbus Office of the United States Trustee for Region IX, Columbus, Ohio.

Elliott D. Hefler, Gen. Counsel, Cardinal Industries, Inc., Columbus, Ohio.

Charles J. Taunt, Charles J. Taunt & Associates, Birmingham, Mich., Harvey S. Minton, Minton & Kepko, Columbus, Ohio, and Gary Cunningham, Kramer Mellen, P.C., Southfield, Mich., Sp. Counsel to the Trustee of the Consol. Estate.

Leon Friedberg Benesch, Friedlander, Coplan & Aronoff, Columbus, Ohio, Counsel for the Official Committee of Unsecured Creditors.

## OPINION AND ORDER DENYING THE HUNTINGTON NATIONAL BANK'S MOTION TO DISMISS OR, ALTERNATIVELY, TO ABSTAIN FROM EXERCISING SUBJECT MATTER JURISDICTION

BARBARA J. SELLERS, Bankruptcy Judge.

### I. *Preliminary Considerations*

This matter is before the Court upon the motion (the "Motion") of defendant, The Huntington National Bank ("Huntington"), requesting the Court to dismiss this adversary proceeding or, alternatively, to abstain from exercising its subject matter jurisdiction. Plaintiff, TransOhio Savings Bank ("TransOhio"), opposes the Motion.

In part IV(A) of this opinion and order, the Court determines that this adversary proceeding is sufficiently "related to" a case under Title 11 so as to permit this Court to exercise by reference the subject matter jurisdiction granted to the district court. The Court, therefore, denies Huntington's motion to dismiss. In part IV(B), the Court denies Huntington's request that the Court abstain from exercising the jurisdiction it possesses in this proceeding.

### II. *Facts*

Before addressing the issues raised by the Motion, the Court will first set forth the salient facts.

On June 15, 1990, TransOhio filed this adversary proceeding against Huntington seeking the recovery of certain monies alleged by TransOhio to have been wrongfully set off by Huntington. TransOhio's complaint asserts that Cardinal Industries, Inc. ("CII"), Cardinal Lodging Group, a subsidiary of CII ("CLG"), and various limited partnerships (the "Limited Partnerships")[1] utilized cash management services provided by Huntington. In connection with these services, funds belonging to the Limited Partnerships were deposited in various Huntington accounts and periodically transferred to a Huntington "concentration account." The complaint further alleges

---

1. CII is apparently a general partner in most, if not all, of the Limited Partnerships. Moreover, a number of the Limited Partnerships are Chapter 11 debtors before this Court.

that on April 20, 1989, Huntington set off funds held in the concentration account against obligations then owed Huntington by CII.

TransOhio brought this adversary proceeding on its own behalf and on behalf of a putative class which includes the Limited Partnerships.[2] TransOhio's motion for class certification, which was filed on October 15, 1990 and is opposed by Huntington, has not yet been ruled upon by the Court.

The dispute now before the Court was initiated by Huntington's filing of the Motion requesting the Court to dismiss this adversary proceeding or, alternatively, to abstain from exercising its subject matter jurisdiction. In the Motion, and in its reply memorandum filed October 2, 1990, Huntington argues that the district court, and this Court by reference, lacks subject matter jurisdiction over this proceeding inasmuch as this proceeding is not one which arises under, arises in or relates to a Title 11 case. *See,* 28 U.S.C. §§ 157 and 1334(b). Huntington further argues that, should this Court determine that it does possess subject matter jurisdiction, the Court should nevertheless abstain from exercising such jurisdiction under 28 U.S.C. § 1334(c)(1).

In its memorandum in opposition to the Motion, TransOhio counters that this Court has subject matter jurisdiction because TransOhio's action is "related to" not only CII's Chapter 11 case, but also the Chapter 11 cases filed by a number of the Limited Partnerships. TransOhio additionally contends that abstention is neither required nor appropriate under the circumstances of this proceeding.

### III. *Issues*

The issues before the Court are two-fold:

1. Is this proceeding sufficiently "related to" a case under Title 11 to give the district court, and this Court by reference, subject matter jurisdiction?

2. Should the Court abstain from hearing this proceeding under 28 U.S.C. § 1334(c)(1)?

### IV. *Discussion*

### A. *Jurisdiction*

Section 1334(b) of Title 28, United States Code, confers original but not exclusive jurisdiction on the district courts in all civil proceedings arising under Title 11, or arising in or related to cases under Title 11. Section 157(a) of that same title then permits the district courts to refer such proceedings to the bankruptcy judges for the district. *See,* Order No. MS–1–84–152, United States District Court, Southern District of Ohio, July 31, 1984 (referring such proceedings to the bankruptcy judges of this district). The initial issue raised by Huntington's jurisdictional challenge and framed by the parties' pleadings is simply whether this is a "related to" proceeding within the jurisdiction so granted to this Court.

The test generally employed to define "related to" proceedings is "whether the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Pacor, Inc. v. Higgins (In re Pacor, Inc.),* 743 F.2d 984, 994 (3d Cir.1984). This test has been adopted by the Sixth Circuit. *Kelly v. Nodine (In re Salem Mortgage Co.),* 783 F.2d 626 (6th Cir.1986). *See, also, Sunnyco Coal, Inc. v. Bartley (In re Sunnyco Coal, Inc.),* 89 B.R. 658 (Bankr.S.D.Ohio 1988), *rev'd in part,* No. C2–88–417 (S.D. Ohio June 28, 1990). There may be situations where an extremely tenuous connection to the estate would not satisfy the jurisdictional requirement. *Salem Mortgage* at 634. However, the Sixth Circuit "appears to have taken a particularly expansive view of the 'related to' jurisdiction." *In re Hunt Energy Co.,* 1988 U.S. Dist. LEXIS 14295 (N.D.Ohio 1988) [citing *In re Southern Industrial Banking Corp.,* 809 F.2d 329, 331 (6th Cir.1987) ]. Against the backdrop of this general

---

**2.** TransOhio believes that it holds claims against Huntington for wrongful setoff as a result of assignments which were made to TransOhio under settlement arrangements with four Limited Partnerships to which TransOhio was a mortgage lender.

authority, Huntington challenges each of the three arguments[3] which TransOhio advances in support of jurisdiction.[4]

First, and perhaps most importantly, Huntington argues that this Court is without subject matter jurisdiction because the dispute is among parties other than CII, the dispute does not involve property of CII's estate, and the outcome of the dispute will have no effect on the administration of CII's estate. In support of this argument, Huntington relies primarily on the authority of *Stearns v. Fall River Trust Co. (In re Guimond Farms, Inc.)*, 10 B.R. 177 (Bankr.Mass.1981) and *Elscint, Inc. v. First Wisconsin Financial Corp. (In re Xonics, Inc.)*, 813 F.2d 127 (7th Cir.1987).

Before discussing the authorities relied upon by Huntington, the Court first notes that "[t]he fact that the debtor itself is not a party to the proceeding does not, without more, necessarily preclude the proceeding from qualifying as one which is 'related to.'" *In re Verrazano Holding Corp.* at 762 (citing *Pacor, Inc. v. Higgins* at 994). Instead, the Court must determine jurisdiction "... on a case-by-case basis after careful consideration of the facts surrounding both the specific controversy at hand *and* those generally attending the entire bankruptcy." *In re Bowling Green Truss, Inc.*, 53 B.R. 391, 394 (Bankr.W.D. Ky.1985) (emphasis original).

Both *Guimond Farms* and *Xonics* involved disputes between two non-debtor parties over funds that were not part of the debtor's estate. In *Guimond Farms*,

Judge Lavien dismissed the adversary proceeding for lack of subject matter jurisdiction. In *Xonics*, on the other hand, the Seventh Circuit vacated and remanded an order of the district court affirming the bankruptcy court's decision that the funds subject to dispute were not within its jurisdiction.

The similarities and distinctions between *Guimond Farms* and *Xonics* are apparent, and their holdings for purposes of this matter are not inconsistent.[5] In both *Guimond Farms* and *Xonics*, the funds subject to dispute were not property of the debtor or the debtor's estate. This appears to be an uncontested fact in the matter before this Court as well.

The material difference between *Guimond Farms* and *Xonics*, and the reason for their somewhat different outcomes, is equally clear. In *Guimond Farms*, the court was able to determine that the estate stood indifferent as to the resolution of the proceeding since, no matter which party prevailed, the other party would be entitled to an unsecured claim in an equal amount. In *Xonics*, however, the court could not determine the indifference of the estate since resolution of the ownership of the disputed funds, it was alleged, might affect the recoveries of other creditors under the debtor's plan of reorganization. The court remanded the matter for determination of this issue, but clearly held that the district court would have "related to" jurisdiction if identification of the ownership interests in the funds would affect the treatment of other creditors.[6]

---

**3.** In addition to these three arguments, TransOhio argues that this proceeding is a "related to" proceeding by virtue of Huntington's alleged acknowledgement of relatedness in a pretrial statement prepared in connection with another pending adversary proceeding. The Court, however, believes that the statements referred to by TransOhio in no way foreclose Huntington's ability to challenge this Court's jurisdiction in this proceeding. Accordingly, the Court finds this reason proffered by TransOhio to be without merit.

**4.** The Court notes that TransOhio bears the burden of establishing this Court's jurisdiction. *In re Verrazano Holding Corp.*, 86 B.R. 755, 762 (Bankr.E.D.N.Y.1988) (citations omitted).

**5.** The Court believes it to be a significant distinction that *Guimond Farms* interpreted the limits of bankruptcy court jurisdiction under the 1898 Bankruptcy Act, as amended (the "Act"), while *Xonics* addressed instead jurisdiction under the Bankruptcy Reform Act of 1978, as amended (the "Code"). The relevance of cases decided under the Act to the present jurisdictional dispute, which must be decided under provisions of the Code, is questionable.

**6.** The *Xonics* court also suggested, but refrained from holding, that 28 U.S.C. § 157(b)(2)(O) might also supply core jurisdiction over a dispute of this nature on the ground that such proceeding "affect[s] ... the adjustment of the debtor-creditor or the equity security holder relationship." *Xonics* at 132, n. 3. Since Trans-

■ In this proceeding, it is not at all clear whether CII's estate stands indifferent to the outcome of the underlying dispute. Huntington is a secured creditor, while TransOhio's claims against CII, if any, would appear to be unsecured. Since the value of Huntington's security has not yet been established, the Court cannot determine whether the resolution of this proceeding will, as in *Guimond Farms*, result only in one party being entitled to the money and the other being entitled to an unsecured claim in the same amount. Depending on the value of Huntington's security, the determination of this proceeding could result in more than the mere substitution of one unsecured claimant for another, it could directly affect the resolution and ranking of claims and, thereby, the amount of assets available for distribution to unsecured creditors. In view of the fact that the outcome of this proceeding could conceivably have such an effect on the administration of CII's estate, and in light of the analysis and holdings of *Xonics* and other pertinent authority,[7] this Court finds persuasive the position advanced by TransOhio.

Huntington likewise challenges the final two arguments advanced by TransOhio in support of jurisdiction. In that regard, TransOhio asserts that since CII is a general partner in some, if not all, of the Limited Partnerships, and further since CII (or one or more of its affiliates or subsidiaries) holds limited partner interests in such Limited Partnerships, any judgment against Huntington requiring it to restore to the Limited Partnerships the funds set off would necessarily enhance the interests of CII and its affiliates and subsidiaries. TransOhio also argues that the outcome of this proceeding will have a significant impact on the estates of those Limited Partnerships that are themselves Chapter 11 debtors before this Court.

Huntington responds that this proceeding's impact on the Limited Partnership bankruptcies does not confer jurisdiction on this Court in the CII Chapter 11 case. Moreover, Huntington counters that any assertion that CII could benefit as a general or limited partner of the Limited Partnerships as a result of this proceeding is pure conjecture.

The Court need not decide whether these last two arguments advanced by Trans-Ohio, standing separately or in combination, would support a finding of "related to" jurisdiction. The Court notes, however, that the facts underlying these arguments show an intertwined relationship among the parties, which relationship tends to uphold a finding of jurisdiction. *In re Salem Mortgage Co.* at 635.

Upon viewing the totality of facts of this specific proceeding and those generally attending the entire CII and affiliated bankruptcies, the inescapable conclusion of the Court is that this is a "related to" proceeding within the broad jurisdiction granted the district court, and this Court by reference, under the bankruptcy laws. Accordingly, Huntington's motion to dismiss cannot be sustained. Because the Court's finding of jurisdiction is based, in material part, upon the assumption that the Limited Partnerships will be parties to this proceeding, the Court notes that such finding may be subject to reconsideration if no class of plaintiffs is certified under Fed.R.Civ.P. 23 or if the class is certified under Fed.R. Civ.P. 23(b)(3) and certain of the Limited Partnerships exercise their option to opt out of the class.

### B. *Abstention*

■ Having decided that this is a "related to" proceeding, the Court must next consider Huntington's request that this

---

Ohio does not make this argument, the Court will not decide that issue.

7. *See, In re Bowling Green Truss, Inc.,* 53 B.R. 391 (Bankr.W.D.Ky.1985) (dispute between secured and unsecured creditor constituted "related to" proceeding where resolution of proceeding could impact amount of assets available for distribution to unsecured creditors); *In re Wed-*

*tech Corp.,* 72 B.R. 313 (Bankr.S.D.N.Y.1987) (proceeding between secured and unsecured creditor determined to be core under 28 U.S.C. § 157(b)(2)(B) where outcome appeared to directly affect resolution and ranking of claims and, in turn, the financial interests of unsecured creditors).

Court abstain from hearing the proceeding pursuant to 28 U.S.C. § 1334. Although Huntington's pleadings are a little ambiguous as to whether it believes abstention is appropriate under the provisions of § 1334(c)(1) or (2), or both, counsel for Huntington represented to the Court at a pretrial conference that it proceeds only under the discretionary abstention provisions of § 1334(c)(1). Therefore, the Court will address in detail that specific request only.[8]

Section 1334(c)(1) provides:

Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 [11 USCS §§ 101 et seq.] or arising in or related to a case under title 11 [11 USCS §§ 101 et seq.].

■■■ Abstention from the exercise of federal jurisdiction is the exception, not the rule. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813, 96 S.Ct. 1236, 1244, 47 L.Ed.2d 483 (1976). Thus, bankruptcy courts will normally abstain only where adjudication of the proceeding will involve such courts in the resolution of unsettled state law questions or state law matters of "substantial public import." *United Sec. & Communications, Inc. v. Rite Aid Corp. (In re United Sec. & Communications, Inc.)*, 93 B.R. 945, 960 (Bankr.S.D.Ohio 1988).

■■■ In this proceeding, abstention is not compelled. The proceeding is of little import to the legal community or the general public. Moreover, to the extent the Court will be called upon to apply state law principles, those principles are well developed.

The Court also believes that nonabstention will best serve the goal of efficient case administration. Some, if not many, of the factual and legal issues to be resolved in the relief from stay matter instituted by Huntington in the CII case are presented in this proceeding as well. Since the Court will be presented with those issues in any event, it is most efficient for the Court to also hear this proceeding.

### V. *Conclusion*

Based upon the foregoing, the Court finds that this adversary proceeding is sufficiently "related to" a case under Title 11 to give the district court, and this Court by reference, subject matter jurisdiction. The Court, therefore, DENIES Huntington's motion to dismiss this proceeding.

The Court also DENIES Huntington's request that the Court abstain from exercising the referred subject matter jurisdiction it possesses in this proceeding. The Court's denial of Huntington's abstention request is entered as a binding order pursuant to 28 U.S.C. § 1334(c)(2), as amended December 1, 1990 by The Federal Courts Study Committee Implementation Act of 1990, Public Law 101–650, which now authorizes bankruptcy judges to enter binding orders in abstention matters.

IT IS SO ORDERED.

---

**8.** The Court, nevertheless, notes that mandatory abstention under § 1334(c)(2) would be inappropriate because there is no pending state court action, a necessary element of mandatory abstention. *See, Altchek v. Altchek (In re Altchek)*, 119 B.R. 31, 34 (Bankr.S.D.N.Y.1990); *Container Transp. v. Scott Paper Co. (In re Container Transp.)*, 86 B.R. 804 (E.D.Pa.1988).