In re CARDINAL INDUSTRIES,
INC., Debtor.

TRANSOHIO SAVINGS
BANK, Plaintiff,

v.

The HUNTINGTON NATIONAL
BANK, Defendant.

Bankruptcy No. 2–89–02779.
Adv. No. 2–90–0150.

United States Bankruptcy Court,
S.D. Ohio, E.D.

Oct. 31, 1991.

See also 126 B.R. 754.

Jay Alix, Jay Alix & Associates, South-
field, Mich., Chapter 11 Trustee.

Michael L. Cook, Sally M. Henry, Skadden, Arps, Slate, Meagher & Flom, New York City, for Marilyn Shea–Stonum, Jones, Day, Reavis & Pogue, Columbus, Ohio, for trustee.

Jack R. Pigman, Randall W. Knutti, Porter, Wright, Morris & Arthur, Columbus, Ohio, for defendant.

Alan R. Lepene, Thompson, Hine & Flory, Cleveland, Ohio, and Richard K. Stovall, Thompson Hine and Flory, Columbus, Ohio, for plaintiff.

James E. Spiotto, Wendy A. Grossman, Franklin H. Top, III, Chapman and Cutler, Chicago, Ill., for LaSalle Nat. Bank as Successor Indenture Trustee.

Guy R. Humphrey, Szolosi & Fitch, Columbus, Ohio, for Peoples Sav., Bank, Federal Sav. and Loan Ass'n and Mid–America Sav. and Loan Ass'n.

Charles M. Caldwell, Asst. U.S. Trustee, Columbus, Ohio, Columbus Office of the U.S. Trustee for Region IX.

Leon Friedberg, Benesch, Friedlander, Coplan & Aronoff, Columbus, Ohio, for the Official Committee of Unsecured Creditors.

Harvey S. Minton, Minton & Leslie, Columbus, Ohio, Charles J. Taunt, Charles J. Taunt & Associates, Birmingham, Mich., Gary H. Cunningham, Kramer Mellen, P.C., Southfield, Mich., Sp. Counsel to the Trustee of the Consolidated Estate.

James Bownas, Legal Counsel, Cardinal Industries, Inc., Columbus, Ohio.

## OPINION AND ORDER DENYING MOTION OF TRANSOHIO SAVINGS BANK FOR CLASS CERTIFICATION

BARBARA J. SELLERS, Bankruptcy Judge.

### I. *Preliminary Considerations And Facts*

Now before the Court is a motion (the "Class Certification Motion"), filed by TransOhio Savings Bank ("TransOhio"), seeking certification of a plaintiff class in this adversary proceeding. The defendant, The Huntington National Bank ("Huntington"), opposes the Class Certification Motion, as do certain putative class members. Specifically, Jay Alix, the Chapter 11 trustee ("Trustee") for Cardinal Industries, Inc. ("CII") and its substantively consolidated entities, opposes the Class Certification Motion on behalf of various limited partnerships (the "Limited Partnerships") which are putative class members.[1] In addition, LaSalle National Bank ("LaSalle"), also a putative class member, opposes the Class Certification Motion.[2]

Other putative class members have indicated their support of the Class Certification Motion. Those class members are: The Traverse City Motel, Ltd.; The Grand Rapids East 28th Street Motel, Ltd.; Lodging Associates of Marietta, Inc.; The Rochester Community Savings Bank; Peoples Savings Bank; Mid–America Federal Savings & Loan Association; and Huntington Federal Savings & Loan Association.

A hearing was held on the Class Certification Motion on June 4, 1991, following which the Court took this matter under advisement.

The basic facts of this adversary proceeding are set forth in the Court's order of March 15, 1991 126 B.R. 754. For reasons of economy, those facts are incorporated herein and will not be repeated. To the extent additional facts are relevant to the Court's decision, those facts are set forth in the Court's legal discussion below.

### II. *Issue*

The sole issue to be decided by the Court is whether a plaintiff class should be certified.

### III. *Legal Discussion*

#### A. *Certification Of A Plaintiff Class*

The Class Certification Motion seeks an order certifying a plaintiff class under Rule 23 of the Federal Rules of Civil Procedure

---

1. CII, or one of its affiliates or subsidiaries, is apparently the general partner of each of the Limited Partnerships. Moreover, a number of the Limited Partnerships are Chapter 11 debtors before this Court.

2. LaSalle, as successor indenture trustee, purports to be the assignee of the claims of certain Limited Partnerships against Huntington.

("Rule 23"). TransOhio's complaint defines the class as ". . . all limited partnerships which had an interest, as of April 20, 1989, in funds on deposit in Account 0131 at Huntington." Complaint at Para. 6. Plainly, the class also includes any assignees of such limited partnerships' interests.

Rule 7023 of the Federal Rules of Bankruptcy Procedure expressly provides that Rule 23 applies in adversary proceedings. The authority to certify a plaintiff class is derived from Rule 23(a), which provides: "[o]ne or more members of a class may sue or be sued as representative parties on behalf of all. . . ." Here, TransOhio, the party seeking certification of the class, bears the burden of establishing its right to do so. *Senter v. General Motors Corp.*, 532 F.2d 511, 522 (6th Cir.1976). To meet such burden, TransOhio must satisfy the four prerequisites of Rule 23(a), namely: numerosity, commonality, typicality, and adequate representation. In addition, TransOhio must demonstrate that the class it seeks to represent falls within one of the subcategories of Rule 23(b). *Id.*

### B. Requirements Under Rule 23(a)

In the Class Certification Motion, TransOhio avers that each of the four requirements of Rule 23(a) has been met. Huntington, LaSalle and the Trustee all disagree. Upon consideration, the Court holds that TransOhio has failed to sustain its burden as to the requirements of both Rule 23(a)(1) and (4).

#### 1. *Numerosity—Rule 23(a)(1)*

■ Rule 23(a)(1) provides that the putative class must be "so numerous that joinder of all members is impracticable." It is important to emphasize that joinder need not be impossible, but rather impracticable. *In re Itel Securities Litigation*, 89 F.R.D.

104 (N.D.Cal.1981); *Broadhollow Funding Corp. v. Fitzmaurice (In re Broadhollow Funding Corp.)*, 66 B.R. 1005 (Bankr. E.D.N.Y.1986).

■ Although various figures have been referenced by the parties in their pleadings and oral arguments, no evidence was adduced at the hearing on this matter regarding the precise number of putative class members. Only the following documents were filed by the parties to establish any factual allegations: (1) Declaration of Lawrence J. Raemakers filed by the Trustee on June 4, 1991; (2) Joint Stipulations of Fact Regarding Class Certification Motion filed by TransOhio and Huntington on June 4, 1991; and (3) Affidavit of Jane B. Gaines filed by TransOhio on June 24, 1991.[3]

Given the state of the record, the Court is unable to determine with certainty the precise number of potential class members. However, "[i]mpracticability of joinder is not determined according to a strict numerical test but upon the circumstances of the case." *Senter* at 523 n. 24 (citing other authorities).

Under the somewhat unique circumstances of this proceeding and the substantively consolidated case of CII, the Court concludes that TransOhio has not met its burden of showing impracticability of joinder. First, although as many as 205 limited partnerships may originally have had an interest in the monies set off by Huntington, it now appears that certain of those limited partnerships have assigned their interests in such monies to a smaller number of entities, including LaSalle and TransOhio, in connection with various transactions (including the sale of general partner interests and deed-in-lieu transfers), thereby reducing in number the potential class members. Moreover, and most important-

**3.** On July 1, 1991, Huntington filed a motion to strike the affidavit of Jane B. Gaines, as well as two letters which were addressed to the Court by counsel for the Trustee and counsel for TransOhio, respectively. The affidavit and letters were originated after the hearing on this matter, despite the fact that all parties were given full opportunity at such hearing to present any evidence or arguments in support of their respective positions. No motions have been filed by TransOhio or the Trustee to reopen the record and, accordingly, the Huntington's motion to strike is sustained. Moreover, the Court notes that letters addressed to the Court, but not filed with the Clerk, are not an appropriate means of establishing facts and/or making legal arguments to the Court.

**706**

ly, the remaining Limited Partnerships, which comprise the vast bulk of the putative class membership, are controlled by the Trustee of CII (or one of its affiliates or subsidiaries) making joinder of the Limited Partnerships, if necessary, neither extremely difficult nor inconvenient. Thus, in its discretion, the Court holds that the numerosity requirement of Rule 23(a)(1) has not been shown by TransOhio.

### 2. *Fair And Adequate Representation—Rule 23(a)(4)*

█ The Rule 23(a)(4) test of fair and adequate representation is a two-prong test that has been articulated by the Sixth Circuit in various, but similar ways. The two factors that now appear to be the guidelines for Rule 23(a)(4) analysis are (1) whether there is antagonism between the interests of the class representative and the other unnamed members of the class [4] and (2) whether the class representative will vigorously prosecute the interests of the class through qualified counsel.

The Court has no doubt, nor do the parties dispute, that TransOhio intends to vigorously prosecute this proceeding on behalf of the class. Moreover, the qualifications and abilities of TransOhio's counsel are without question.

Focusing on the first prong of the test, the Trustee argues that TransOhio cannot adequately represent the putative class because TransOhio's interests in this litigation conflict with those of the Limited Partnerships. Specifically, the Trustee notes that he has, on behalf of the Limited Partnerships and others, instituted adversary proceeding number 2–91–0212 against Huntington in the substantively consolidated cases of CII and its subsidiaries and affiliates. Encompassed in that proceeding, along with numerous other claims against Huntington, are the Limited Partnerships' claims common to TransOhio's claims in this adversary proceeding. The Trustee alleges that he and Huntington are actively pursuing negotiations as to the global settlement of all claims asserted by the Trustee in his adversary proceeding, and that class certification in this proceeding would only hamper those efforts.

TransOhio retorts that it is CII, not TransOhio, that has interests antagonistic to the Limited Partnerships, and that such interests place the Trustee in a position of irreconcilable conflict. Specifically, TransOhio notes that the Trustee, as trustee for the general partner for each of the Limited Partnerships, is clearly obligated to act in the best interests of the Limited Partnerships. Those best interests will not be served, argues TransOhio, if the claims of the Limited Partnerships against Huntington are compromised in the context of a global settlement to the benefit of other Cardinal entities under the Trustee's control. Accordingly, TransOhio asserts that class certification is not precluded by a conflict of interest under the circumstances of this proceeding; rather, certification is most appropriate because it resolves one.

Initially, the Court notes that the arguments of TransOhio turn the Sixth Circuit's Rule 23(a)(4) analysis somewhat on its head. Clearly, the test as it has been variously articulated focuses on antagonism of interests between the *class representative* and the other putative class members. TransOhio's arguments seek to focus the Court's attention not on the relationship between TransOhio and the putative class members, but instead on the relationship between certain putative class members (the Limited Partnerships) and another third party (the Trustee). Because the issues raised by TransOhio are a new twist on the traditional analysis, the Court believes they merit discussion.

The Court recognizes that the present dispute arises in one of many contexts in

---

**4.** For Sixth Circuit articulations of the first prong of the Rule 23(a)(4) test *see, EEOC v. Detroit Edison Co.,* 515 F.2d 301, 311 (6th Cir. 1975), overruled on other grounds, *Harris v. Richards,* 675 F.2d 811, 814 (6th Cir.1982) (class representative had "interests different" from the class members); *Senter* at 525 (class representa-

tive had common interests, coextensive interests, and interests not antagonistic to those of the class); and *Cross and Parks v. National Trust Life Ins. Co.,* 553 F.2d 1026, 1031 (6th Cir.1977) (no antagonism between interest of class representative and class members).

which interested parties may be able to identify and raise issues as to theoretical, if not actual, conflicts facing the Trustee. The specter of those conflicts is nothing new to this Court; nor is it new to the Trustee.

In this proceeding, however, the conflict position in which the Trustee finds himself has not yet manifested itself in such a way as to require class certification. Certainly, as trustee for the general partner of the various Limited Partnerships, the Trustee is empowered to make decisions for the Limited Partnerships. If it is the Trustee's decision to prosecute the Limited Partnerships' claims against Huntington in the context of adversary proceeding number 2–91–0212, he may do so. The Court cannot conclude that such decision is not in the best interests of the Limited Partnerships. If the Trustee further chooses to later settle such claims of the Limited Partnerships as part of a larger global settlement with Huntington, such settlement will be subject to the scrutiny and approval of this Court after notice to all interested parties and, if appropriate, a hearing on the matter.

The Court cannot and will not at this juncture begin to speculate as to the possible terms of any future global settlement the Trustee may negotiate with Huntington. At the present, the Trustee is not acting in a manner that actually conflicts with the interests of the Limited Partnerships to their prejudice.

Despite the arguments of TransOhio, the focus of Rule 23(a)(4) analysis must remain on the relationship between TransOhio and the putative class members, including the Limited Partnerships, it seeks to represent. Given the Trustee's stated desire and intention to pursue his own litigation, and further given the Court's belief that such decision is permissible and without actual conflict at the present, TransOhio is unable to show that its interests in this proceeding are not antagonistic to those of the Limited Partnerships. Therefore, in its discretion,

the Court concludes that requirements of Rule 23(a)(4) have not been met.

C. Policies Of A Plaintiff Class Under Rule 23

■ In addition to TransOhio's failure to satisfy the requirements of Rule 23(a)(1) and (4), the Court generally observes that certification of a plaintiff class in this proceeding would not further the policies of Rule 23. A plaintiff class action is particularly appropriate for affording relief to those plaintiffs who "are in a poor position to seek legal redress, either because they do not know enough or because such redress is disproportionately expensive." *Dolgow v. Anderson*, 43 F.R.D. 472, 484 (E.D.N.Y.1968), *citing* Kalven and Rosenfeld, *The Contemporary Function of the Class Suit*, 8 U. of Chi.L.Rev. 684, 686 (1941). "Its historic mission has been to 'take care of the smaller guy.'" *Id., citing* "Statement of Professor Ben Kaplan, Reporter of the New Rules," quoted in Frankel, *Amended Rule 23 From A Judge's Point of View*, 32 Antitrust L.J. 295, 299 (1966).

LaSalle, like the Trustee, opposes class certification on the basis that it wishes to control the prosecution of its own case against Huntington. LaSalle believes that there are facts and theories of recovery available to it that are not otherwise available to TransOhio and the remaining putative class members. Accordingly, LaSalle asserts that both TransOhio and the Trustee may approach litigation and settlement decisions in a manner not wholly consistent with the best interests of LaSalle.

In view of the strong opposition of the Trustee and LaSalle to class certification, it readily appears that those putative claimants holding the bulk of the potential claims against Huntington know their rights and have the resources and inclination to pursue such rights. The Court is cognizant that these concerns are more typically discussed in the context of the "superiority" test, which test has relevance only in the analysis of Rule 23(b)(3).[5] *Penland*

---

**5.** Because the Court concludes herein that TransOhio has not satisfied the requirements of Rule 23(a)(1) and (4), it is unnecessary for the Court to determine whether the class TransOhio seeks to certify falls within one of the subcategories of Rule 23(b).

*v. Warren County Jail,* 759 F.2d 524, 531 (6th Cir.1985). Nevertheless, the Court believes it would be an anomalous and unintended result indeed if this Court were to force Rule 23 projections upon plaintiffs who do not want them. Thus, for this separate, but additional reason, the Court believes that class certification is inappropriate.

### IV. *Conclusion*

For the reasons hereinabove stated, the Class Certification Motion of TransOhio shall be, and hereby is, DENIED. This adversary shall continue with TransOhio as plaintiff. Additional parties who indicated support for prosecution of this proceeding as a class action may be added as plaintiffs at TransOhio's discretion.

IT IS SO ORDERED.