**In the Matter of Melvin E. HUBKA, Debtor.**

**Bankruptcy No. BK85–2819.**

United States Bankruptcy Court, D. Nebraska.

March 17, 1988.

Melvin E. Hubka, pro se.

## MEMORANDUM AND ORDER

JOHN C. MINAHAN, Jr.,
Bankruptcy Judge.

THIS MATTER comes before the Court on Debtor's pro se request to proceed in forma pauperis (Fil. # 183 and Fil. # 216), on an appeal (Fil. # 208) from the Court's orders of March 31, 1987 (Fil. # 117), and September 10, 1986 (Fil. # 63), overruling Debtor's Motion for Contempt Sanctions against the Commodity Credit Corporation (Fil. # 61).

Debtor has also requested to proceed in forma pauperis (Fil. # 211) from a Court order of February 1, 1988 (Fil. # 207), approving the disclosure statement filed by the Federal Land Bank (Fil. # 173).

## CONCLUSION

■ Debtor's requests (Fil. # 183) of November 23, 1987, and (Fil. # 211) of February 1, 1988, to proceed on an appeal in forma pauperis are denied. Title 28 U.S.C. § 1915(a) allows any court of the United States to authorize the commencement of the civil suit or appeal without payment of costs. This action is discretionary with the court and is contingent upon a finding that the appellant has sufficient financial need and that the proposed proceedings are, in fact, taken in good faith and are not frivolous or malicious. The United States Supreme Court placed a limitation on the discretion of the Bankruptcy Court to authorize proceedings in forma pauperis in *United ed States v. Kras*, 409 U.S. 434, 93 S.Ct. 631, 34 L.Ed.2d 626 (1973), which held that filing fees required to voluntarily initiate a procedure under the Bankruptcy Code are not waivable. The Supreme Court reasoned that "[t]here is no constitutional right to obtain a discharge of one's debts in bankruptcy." *Id.* at 446, 93 S.Ct. at 638. The Supreme Court noted that since Congress intended the Bankruptcy Court system to be self-sustaining, there was a rational basis for the fee requirement.

■ We have found only one case which addressed the question of whether or not fees required to file an appeal from an order in a bankruptcy proceeding were waivable. This case, which was decided prior to *Kras* and the 1984 amendments of the Bankruptcy Code which added Section 28 U.S.C. § 1930, allowed an appeal in forma pauperis on fifth amendment due process grounds. *O'Brien v. Trevethan*, 336 F.Supp. 1029 (D.Conn.1972). The O'Brien court rejected the argument that fees were necessary to make Bankruptcy Courts self-sustaining; but this argument was later advanced by the Supreme Court in *Kras* for requiring the initial fees. *Kras* at 448–449, 93 S.Ct. at 639–640. In the interest of making the Bankruptcy Court self-sustaining, I conclude that this Court should not routinely waive filing fees for appeals.

■ Some pro se debtors in farm bankruptcy situations file numerous appeals in an apparent effort to delay proceedings. If this motion were granted it would encourage litigous debtors to file repetitive appeals as a means of protracting the bankruptcy proceedings. The fee for filing an appeal was recently raised from $5.00 to $105.00. This increased filing fee would be nullified if this Court were to liberally permit in forma pauperis appeals. Accordingly, absent unusual circumstances, which do not exist in this case, this Court will not waive filing fees on appeals.

There is an additional reason why the application for leave to proceed in forma pauperis should be denied. The orders sought to be appealed from are interlocutory and may be appealed only with leave of the District Court. See, 28 U.S.C. § 158 and Bankruptcy Rule 8003.

Since the rulings sought to be appealed do not present important questions of law or extraordinary circumstances, it is unlikely that the District Court would grant leave to appeal. See, *In re Leimer,* 724 F.2d 744 (8th Cir.1984).

For the reasons stated, the Debtor's motions to proceed in forma pauperis (Fil. # 183, Fil. # 216 and Fil. # 211) are overruled.