**In re Jean F. FROTTIER,<br>Pro Se, Debtor.**

**Bankruptcy No. 86–02315–BKC–AJC.**

United States Bankruptcy Court,<br>S.D. Florida.

June 12, 1991.

Jean Frottier, pro se.

Arthur Weitzner, Miami, Fla., trustee.

## ORDER DENYING LEAVE TO PROCEED IN FORMA PAUPERIS

A. JAY CRISTOL, Bankruptcy Judge.

THIS CAUSE came before the Court upon a series of pro se motions seeking to proceed in forma pauperis. *See* Motion filed January 22, 1991, Motion for Leave to Proceed In Forma Pauperis filed April 3, 1991, and Motion for Leave to Proceed In Forma Pauperis filed April 8, 1991.

Section 1915, Title 28, United States Code, provides for proceeding in forma pauperis and permits the waiver of certain fees and costs or security upon one who seeks to proceed in such fashion. Notwithstanding 28 U.S.C. § 1915, Congress saw fit to qualify proceedings in forma pauperis when they relate to bankruptcy cases. 28 U.S.C. § 1930. Section 1930 indicates that even a case authorized to proceed in forma pauperis is not excused from the payment of bankruptcy filing fees, United States Trustees fees, and certain other appellate fees.

Upon examination of the record in this case, the Court concludes Debtor's motions for leave to proceed in forma pauperis should be denied on the bases that leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 is ordinarily not available in bankruptcy and, even if such authority existed, Debtor's affidavit as required by statute is insufficient to establish an inability to pay fees and costs.

Although 28 U.S.C. § 1915 authorizes the commencement of any suit in the district court "without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay for such costs or give security therefor", the United States Supreme Court held that such statute was not available in bankruptcy courts nor was it available to prosecute bankruptcy appeals in the district courts. *United States v. Kras*, 409 U.S. 434, 440, 93 S.Ct. 631, 635, 34 L.Ed.2d 626, 630 (1973). The *Kras* Court reasoned that there is no constitutional or common law right to proceed in forma pauperis in bankruptcy cases because there exists no constitutional right to obtain a discharge of one's debts and the requirement of paying the filing fee does not deny a debtor equal protection of the laws. 409 U.S. at 446, 93 S.Ct. at 638. *See also Bowen v. C.I.R.*, 706 F.2d 1087, 1088 (11th Cir.1983).

Additionally, even if it were to be determined that the Debtor had available to him the right to proceed in forma pauperis in this Court, the Debtor has failed to demonstrate that the circumstances of this case warrant the Court's granting such relief. The affidavit Debtor submits in support of his motions does not establish he is without means to pay the filing fee on appeal. Debtor's affidavit states he has "less than $700 in cash." From that statement, the Court concludes Debtor does indeed have the ability to pay the $105 filing fee. The Bankruptcy Court system was not designed

for paupers. Congress intended the system to be self-sustaining and precluded the courts from waiving filing fees for appeals, notwithstanding 28 U.S.C. 1915(a), except in unusual circumstances. *In re Hubka,* 84 B.R. 161 (Bkrtcy.D.Neb.1988). Unusual circumstances do not exist in this case and this Court will therefore not waive the filing fees on appeal. Accordingly, it is

ORDERED that the Debtor's motions seeking leave to proceed in forma pauperis are DENIED.

DONE and ORDERED.