**In the Matter of Joan Marie ANDERSON, Debtor.**

**Bankruptcy No. 90–85667.**

United States Bankruptcy Court, W.D. Michigan.

Aug. 13, 1991.

Daniel Hess, Grand Rapids, for debtor.

**OPINION AND ORDER DENYING DEBTOR'S MOTION TO WAIVE FEES AND COSTS OF APPEAL AND DENYING RELATED OBJECTIONS**

JAMES D. GREGG, Bankruptcy Judge.

On July 30, 1991, this court signed and docketed an Order Granting Motion to Strike and Declaring Purported Lien Filed with the Muskegon County Register of Deeds to be Null and Void. A copy of that order is attached to this Opinion. After notice and hearing, the court determined that the Debtor, among other things, drafted and filed a "lien" against Edward C. Farmer, Jr., a judge for the 60th Judicial Court for the State of Michigan. The "lien" was prepared under the color of the United States Bankruptcy Court. The court determined that these "homemade documents" were frivolous and unsupported by fact or law. The court therefore granted Judge Farmer's motion to strike and entered an order that the fictional and spurious liens filed by the Debtor were determined to be null and void.

On July 31, 1991, this court entered an Order Striking and Denying Certain Papers Including Debtor's Notice of Amendment to Notice and Objection and Discharge of Motion to Strike and Discharge of Hearing and Notice of Intent to Appeal Immediately Possible Adverse Judgment. The papers considered by the court in this Order were determined to be incomprehensible. The court also found the papers appeared to be frivolous or spurious and did not comport with applicable Bankruptcy Rules. To the extent that the papers could conceivably be construed to constitute an appeal, the court noted that the papers were filed *before* the July 30, 1991 hearing respecting Judge Farmer's Motion to Strike. The court further noted that the papers that were filed appeared to be interposed for improper purposes, i.e., to harass Judge Farmer, to cause undue delay with respect to court proceedings, and to increase the cost of litigation. *See* B.R. 9011. Based upon its review of the papers, the court entered an order that the papers were stricken.

With this procedural background, on August 5, 1991, the Debtor filed the following

papers: (1) Objection to Order Dated July 30, 1991, ("First Objection"); (2) Objection to Order Dated July 31, 1991, ("Second Objection"); (3) Notice of Appeal, ("The Appeal"); and (4) Motion to Waive Fees and Costs (the "Motion to Waive Fees").

■ This court finds the First Objection and Second Objection to be frivolous as a matter of law. *Neitzke v. Williams,* 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) (*in forma pauperis* complaint is frivolous where it lacks an arguable basis either in fact or in law; the term "frivolous" embraces not only inarguable legal conclusion, but also "fanciful factual allegations"). Based upon the review of its files, the court finds that this Debtor has a history of filing frivolous papers. FRE 201; *cf. In re Pearson,* 773 F.2d 751 (6th Cir.1985) (the court may review a debtor's schedules to determine whether jurisdiction exists under 11 U.S.C. § 109).

■ When frivolous papers are filed, the court may prevent a *pro se* litigant from filing an *in forma pauperis* complaint or, in this instance, an objection. *Cf., Gibson v. R.G. Smith Co.,* 915 F.2d 260, 262 (6th Cir.1990). Further, this court believes that denial of the relief sought in the First Objection and the Second Objection, however frivolous, will not be prejudicial; the orders in question appear to be subject of the Appeal. The court therefore denies the Debtor's Objection to Order Dated July 30, 1991 and the Debtor's Objection to Order Dated July 31, 1991 without prejudice to the Debtor's appeal rights.

With regard to the Debtor's Appeal, the Bankruptcy Court Clerk has docketed the Appeal pursuant to instructions from this judge. The Debtor may proceed with her Appeal subject to applicable Bankruptcy Rules. *See* B.R. 8001–8019. To lodge and prosecute an appeal, the Debtor, as appellant, must pay certain fees. Among other fees stated in the statute, "[t]he Judicial Conference of the United States may prescribe additional fees in cases under title 11 of the same kind as the Judicial Conference prescribes under Section 1914(b) of this title." 28 U.S.C. § 1930(b). The Judicial Conference has imposed the following fees respecting bankruptcy appeals: (1) "Upon the filing of a notice of appeal with the bankruptcy court in a proceeding arising under the Bankruptcy Act, $5 shall be paid to the clerk of the bankruptcy court by the appellant;" and (2) "For docketing a proceeding on appeal or review from a final judgment of a bankruptcy judge pursuant to 28 U.S.C. § 158(a) and (b), $100." *See* Judicial Conference Schedule of Fees listed in Historical and Statutory Notes to 28 U.S.C. § 1930.

In her Motion to Waive Fees, the Debtor has requested that she be allowed "to proceed with the APPEAL from the Bankruptcy Court without paying costs and fees involved due to her poverty." The Debtor asserts her motion is governed by § 1–201(23) and (24) of the Uniform Commercial Code. This statute is totally inapposite to the relief sought.

However, this court notes the Debtor's request is governed by 28 U.S.C. § 1915 which states in pertinent part:

Any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and the affiant's belief that he is entitled to redress.

An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith. 28 U.S.C. § 1915(a).

This Bankruptcy Court is a "court of the United States" within the meaning of the above statute. *Cf., Freytag v. C.I.R.,* —— U.S. ——, 111 S.Ct. 2631, 115 L.Ed.2d 764 (1991) (an Article I court which exercises judicial power can be a court of law within the meaning of the Appointments Clause; the reference to "courts of law" cannot be limited to Article III courts merely because they are the only courts the Constitution mentions). This court therefore concludes it has authority to determine whether the Debtor's request to waive the appeal fees is warranted.

■ First, the Debtor has failed to file an affidavit that she is unable to pay the appeal fees or give security therefor. Her motion appears to be procedurally improper.

■ Second, even assuming the motion is deemed procedurally proper, this Debtor is not impoverished. This court takes judicial notice of her schedules filed in her bankruptcy case. FRE 201; *cf., In re Pearson, supra.* In her chapter 13 statement, the Debtor, under penalty of perjury, has stated her monthly income is $884.00 and her monthly expenses are $833. She stated she has excess income of $51 per month. In her subsequent chapter 7 Schedule of Current Income and Expenses, the Debtor lists her income at $950 per month. Almost all bankruptcy debtors are unable to pay their pre-petition debts; if they were able to pay their debts, they would not have requested bankruptcy relief. However, every person who declares bankruptcy is not, by definition, in poverty. *Cf., In re Toukkala,* No. K79–110 CA8 (W.D.Mich., May 2, 1983) (Judge Hillman noted that poverty level is a factor to be considered in student loan dischargeability determinations under the Bankruptcy Code). The Debtor has listed no dependents on her schedules filed with this court. This court finds the 1991 poverty level for a person in Michigan is $6,620 per year. 56 Fed.Reg. 6859 (1991).

■ Third, a court may determine an appeal may *not* be taken *in forma pauperis* when it determines, in writing, that the appeal is not taken in good faith. Based upon its review of this entire case, and a related adversary proceeding, this court hereby determines, and certifies, that this Debtor appears to lack good faith. However, this court notes that this issue shall be reserved, and may be ultimately determined, by the United States District Court for the Western District of Michigan, on appeal.

Because: (1) no affidavit was filed with the Debtor's Motion to Waive Fees, (2) the Debtor is not impoverished, and (3) the Debtor appears to lack good faith in connection with her appeal, the Motion to Waive Fees is DENIED. The Debtor must pay the requisite fees to prosecute her appeal.

■ B.R. 8002(c) authorizes a bankruptcy judge to grant an extension of time to file an appeal provided the request is made before the time for filing a notice of appeal has expired. The court will treat the Debtor's Motion to Waive Fees as also implicitly requesting additional time to pay the requisite appeal fees in the amount of $105. In its discretion, the court will authorize an additional twenty (20) days from the date of service of this order for the Debtor to pay the necessary appeal fees. 11 U.S.C. § 105; B.R. 8002(c).

IT IS HEREBY ORDERED the Debtor's Objection to Order Dated July 30, 1991 be, and hereby is, DENIED.

IT IS FURTHER ORDERED that the Debtor's Objection to Order Dated July 31, 1991 be, and hereby is, DENIED.

IT IS FURTHER ORDERED that the Debtor's Motion to Waive Fees and Costs be, and hereby is, DENIED.

IT IS FURTHER ORDERED that the Debtor be, and hereby is, GRANTED twenty (20) days from the date of the service of this Order to pay the requisite appeal fees to the Clerk of the Court, United States Bankruptcy Court for the Western District of Michigan. If the fees are timely paid, the Debtor's Appeal shall proceed in accordance with applicable Bankruptcy Rules.

### ATTACHMENT

United States Bankruptcy Court

for the Western District of Michigan

Case No. 90-85667

In the Matter of: Joan Marie Anderson, Debtor.

ORDER GRANTING MOTION TO STRIKE AND DECLARING PURPORTED LIEN FILED WITH THE MUSKEGON COUNTY REGISTER OF DEEDS TO BE NULL AND VOID

July 30, 1991

JAMES D. GREGG, Bankruptcy Judge.

On July 8, 1991, Edward Campbell Farmer, Jr., a Judge for the 60th Judicial Dis-

trict Court, State of Michigan, filed his Motion to Strike. After reviewing the Motion, this Court scheduled a hearing to take place on Tuesday, July 30, 1991, at 8:45 a.m. Notice of the hearing was given to the moving party, Joan Marie Anderson, the "Debtor", Daniel B. Hess, Esq., the Debtor's attorney, and Douglas L. Leitch, the Chapter 7 Trustee, each at their respective post office addresses of record.

On July 30, 1991, at 8:45 a.m., Judge Farmer, the movant, appeared; Joan Marie Anderson, the Debtor, after receiving proper notice in accordance with Bankruptcy Rules, failed to appear. At the hearing, the Court listened to argument of the moving party admitted exhibits into evidence and reviewed certain documents attached to the Motion to Strike.

Based upon the record before it, the Court finds the following facts:

1. The Debtor was a defendant in an action filed in the 60th Judicial Court for the State of Michigan entitled *Sealed Power/SPX Credit Union v. Joan Anderson,* Case No. 90–1582–GC. Judge Farmer was assigned to this case by blind draw. The Debtor filed an in pro per response that was distorted, unresponsive, and irrelevant. Judge Farmer then drafted a letter to the Debtor, through the Deputy Clerk, outlining the procedure to file a proper response and enclosed copies of the Civil Rules of Procedure. See Exhibit 1.

2. On the motion day on November 20, 1990, Judge Farmer granted a motion to declare the Debtor's asserted defenses as "frivolous" and he also granted a motion for summary judgment against the Debtor and her co-Defendant. See Exhibit 2. The judgment was satisfied on February 7, 1991 by the Debtor's co-defendant. See Exhibit 7.

3. This Court takes judicial notice that on December 17, 1990, the Debtor her voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code. Federal Rule of Evidence 201. In her Chapter 13 Statement in an attachment labeled "Debts Due and Owing to Me", the Debtor listed Edward C. Farmer, Jr., as owing her a debt in the amount of $576,-000.00.

4. The Court takes judicial notice that on January 11, 1991, the Debtor filed her Conversion to Case Under Chapter Seven. FRE 201. The Chapter 13 case was converted to a Chapter 7 case by the Bankruptcy Court. Notice was given to creditors, and other interested parties, that the case was converted to a Chapter 7 case on January 15, 1991.

5. On January 11, 1991, the Debtor, with the assistance of her Chapter 7 bankruptcy counsel, Daniel B. Hess, Esq., filed amended schedules. In her amended schedules, the Debtor did *not* assert that Judge Farmer owed her any debt.

6. On or about June 17, 1991, the Debtor prepared and executed an "Affidavit of Fact and Amount Due and Certification of Mailing". See Exhibit 4. In that document, which the Court finds to be frivolous and unsupported by fact or law, the Debtor again asserted that Edward C. Farmer, Jr. owed her a sum of $576,000.00. The Debtor also prepared and executed, on June 17, 1991, a "Notice of Default" which purports to have been issued by the United States Bankruptcy Court for the Western District of Michigan, Southern Division, in the case of *Joan M. Anderson, Debtor,* Case No. GG 91–85667, relating to *Sealed Power/SPX Credit Union, Plaintiff v. Joan M. Anderson, Defendant,* Adversary Proceeding No. 91–8140. The Court finds this document to be fictional, spurious, insupportable by fact or law, and fraudulent. This document was not issued by a judge of the United States Bankruptcy Court or by the Bankruptcy Court Clerk. A copy of this document is attached to the Motion to Strike as part of Exhibit 4 and has been admitted into evidence. The Debtor further prepared spurious fictional documents, which are unsupported by fact or law, entitled "Request for Admissions and Indemnity Bond", "Notice of Bill Due and Payable to Joan M. Anderson", and "Certification of Mailing". See documents attached to Motion to Strike as Exhibit 4, which have been admitted into evidence.

7. The fictional spurious documents, prepared by the Debtor, which are attached to Judge Farmer's Motion to Strike, as Exhibit 4, were then recorded with the Muskegon County Register of Deeds on June 17, 1991, at Liber 1571, Pages 139–144 inclusive. For some unknown reason, the Muskegon County Register of Deeds allowed these spurious, fictional, and fraudulent documents to be accepted for recordation.

8. The Court finds it has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. The motion filed by Judge Edward C. Farmer, Jr., constitutes a core proceeding over which this Court determines it may enter a final order. See 28 U.S.C. § 157(b)(2)(A), (B), (K) and (O). The Court further believes that it has jurisdiction and power to enter this Order because the Debtor's asserted claim, as well as her purported lien which has been recorded, are made under the color of the United States Bankruptcy Court for the Western District of Michigan, Southern Division. See 11 U.S.C. § 105.

After hearing, and pursuant to the above findings and conclusions, the Court determines that entry of this Order is proper and justified under law and equity.

NOW, THEREFORE, IT IS HEREBY ORDERED AS FOLLOWS:

A. Any asserted claim made by Joan Marie Anderson, Debtor, against Judge Edward Campbell Farmer, Jr., is deemed to be invalid, frivolous, and unsupported by law or equity.

B. Any reference to the debt alleged to be owed by Judge Farmer to the Debtor in her prior papers filed with this Bankruptcy Court are stricken. Pursuant to the motion filed by Judge Farmer, the Debtor's schedules are deemed to be amended to delete any reference with respect to the asserted debt owed to the Debtor by Judge Farmer. See Bankruptcy Rule 1009.

C. The fictional, spurious lien filed by the Debtor, Joan Marie Anderson, on June 17, 1991, with the Muskegon County Register of Deeds at Liber 1571, Pages 139–144, be, and hereby is, determined to be *null and void.*

D. No future asserted liens or documents filed by Joan Marie Anderson, Debtor, against Judge Edward Campbell Farmer, Jr., shall be deemed valid unless such asserted lien, order, document, paper, or judgment, is demonstrated pursuant to a *certified* and *attested* order which is signed by a judge of this Bankruptcy Court or the Bankruptcy Court Clerk.

E. A copy of this Order may be filed by Judge Edward Campbell Farmer, Jr., with the Muskegon County Register of Deeds, if he determines, in his discretion, to do so.

IT IS FURTHER ORDERED that a copy of this Order be served by first-class United States mail, postage pre-paid, upon the following persons: Judge Edward Campbell Farmer, Jr.; Joan Marie Anderson, Debtor; Douglas L. Leitch, Chapter 7 Trustee; Daniel B. Hess, Esq., attorney for Debtor.