In re Charles D. BURRELL, Debtor.

Charles D. BURRELL, Plaintiff,

v.

Ervin G. LETTERLOUGH, Defendant.

Bankruptcy No. 91–34517.
Adv. Nos. 91–3147–T, 92–3144–T.

United States Bankruptcy Court,
E.D. Virginia,
Richmond Division.

Oct. 26, 1992.

Charles D. Burrell, pro se.

James J. O'Connell, III, Richmond, VA, for defendant.

## MEMORANDUM OPINION

DOUGLAS O. TICE, Jr., Bankruptcy Judge.

On October 21, 1992, a trial and hearings were held on the following matters:

1. Trial on Debtor's Complaint and Amended Complaint to set aside preferential transfer.

2. Hearing on Defendant's Motion to Dismiss Complaint to set aside preferential transfer.

3. Continued Hearing on Objection of Debtor to Entry of Order Granting Relief From Stay in CM No. 92–999.

4. Hearing on Debtor's Motion to Have Property of the Estate Examined by Experts Prior to Turnover Order.

5. Hearing on Debtor's Motion to Recuse.

6. Hearing on Debtor's Motion to Proceed In Forma Pauperis.

The court ruled from the bench for the defendant on the first four matters, the debtor withdrew his Motion to Recuse, and the court has taken the debtor's motion to proceed in forma pauperis under advisement. Pro se debtor's motion to proceed in forma pauperis is the subject of this memorandum opinion.

For the reasons set forth in this opinion the court denies debtor's motion to proceed in forma pauperis and will order the debtor to pay all required fees. The court concludes the debtor has not produced any reliable evidence that he is impoverished nor demonstrated good faith in seeking to appeal the orders of this court. The court believes these conclusions require a recitation of facts regarding this debtor's bankruptcy history.

*Facts*

On June 13, 1986, the debtor Charles David Burrell commenced a chapter 7 bankruptcy case and eventually received a discharge. Accordingly, Burrell is not eligible to receive another chapter 7 discharge in a bankruptcy case commenced before June 13, 1992. *See* 11 U.S.C. § 727(a)(8).

On October 21, 1991, Burrell commenced his current bankruptcy case under chapter 13. He indicated he wished to pay the $120.00 commencement fee in installments. He also filed a chapter 13 plan at that time in which he proposed to pay $387.93 per month into the plan. He listed his total net monthly income at $2,000.00 and his total monthly expenses at $606.00. He stated he earned approximately $30,000.00 and had "cleared" $5,000.00 in settling a personal injury lawsuit.

On December 4, 1991, Burrell commenced one of the two current adversary proceedings (Adv.Pro. No. 91–3147) against Ervin G. Letterlough to retrieve a dump truck that Letterlough had seized before Burrell filed for bankruptcy. The sheriff conducted this repossession pursuant to a valid judgment lien and writ of fieri facias.

On December 13, 1991, the chapter 13 trustee objected the confirmation of Bur-

rell's plan for lack of "good faith" pursuant to § 1325(a)(3). The IRS and Letterlough also objected to confirmation.

On December 24, 1991, Burrell's case was automatically dismissed for his failing to pay the third $40.00 filing fee installment payment. However, upon motion the court allowed Burrell to reinstate his case conditioned upon Burrell paying the $40.00 fee. Burrell complied with the court's condition, and his case was reinstated.

On March 3, 1992, hearing was held on confirmation, Burrell's motion to avoid Letterlough's lien, and the objections to confirmation. The court denied confirmation, sustained the objections, denied Burrell's motion to avoid Letterlough's lien, and ordered Burrell's case dismissed if he did not file a modified plan within 10 days. Since Burrell did not file a timely modified plan a dismissal order was entered on March 20, 1992.

On March 24, 1992, Burrell filed a new (second) chapter 13 case (Case No. 92–31490) and again asked to pay the filing fee in installments. At the same time Burrell filed a chapter 13 plan proposing to pay $234.64 per month into his plan. Burrell listed his net monthly income to be $1,450.00 and his monthly expenses to be $1006.00. Again, Burrell estimated his yearly income to be $30,000.00 and listed $5,000.00 income from settling a personal injury lawsuit.

On March 27, 1992, Burrell filed a notice of appeal as to the court's March 3rd ruling and March 20th order. On March 30, 1992, Burrell filed a motion to reconsider.

On April, 6 1992, Burrell filed his first motion to proceed in forma pauperis and filled out a "form" affidavit concerning his financial condition. In his motion Burrell asked "to proceed without usual payment of fees." The clerk's office has a policy that if an appeal is submitted without tendering the filing fee, or application to proceed in forma pauperis, it is marked filed and a notation placed on the notice: No Filing Fee Paid. Accordingly, Burrell filed a motion to proceed in forma pauperis. Burrell filled out the affidavit stating he

was "single" with no dependents and earned "normally $250.00" per month through his employment at Wackenhut Corporation located at 1910 Byrd Ave., Richmond, Virginia. He also listed $1,000.00 income in the past 12 months from other sources, $50.00 in cash, and stated he owned a 1982 Plymouth Horizon automobile that he valued at $200.00. However, Burrell has never asked for this particular in forma pauperis motion to be set down for hearing.

On April 30, 1992, the court granted Burrell a hearing to consider the reinstatement of his first chapter 13 case because he claimed he was unaware that he was required to file a modified plan within 10 days of the court's March 3rd ruling. The court observed prior to hearing that Burrell had filed a second chapter 13 case. At hearing Burrell expressed the desire to proceed with his first chapter 13 case as opposed to the second. The court then allowed Burrell's case to be reinstated if he submitted an order, gave notice to creditors, and filed a modified plan. Burrell complied with this these conditions, and his first chapter 13 case was ordered reinstated on June 1, 1992.[1]

In his modified chapter 13 plan Burrell proposed to pay $202.82 per month into his plan. He again claimed $1,450.00 in monthly income and $1006.00 in monthly expenses, $30,000.00 annual earnings, and $5,000.00 income from settling a personal injury lawsuit.

On June 3, 1992, only two days after his first chapter 13 case was ordered reinstated, Burrell moved to have his case converted to a chapter 7. In his motion and brief to convert, Burrell stated in part:

COMES NOW THE DEBTOR, AND MOVES THE COURT TO COVERT THE CURRENT CHAPTER "13" CASE TO A CHAPTER "7" CASE. THE PETITIONER BELIEVES THAT THE TIME IS NOW "RIPE" FOR SUCH ACTION! ...
... (2) DEBTOR MAY COME OUT THIS SMELLING MORESO "LIKE–A–ROSE" UNDER A CHAPTER 7, AS OPPOSED TO CHAPTER 13.
(3) THE DEBTOR WILL BE AUTHORIZED BY STATUTE TO FILE A CHAPTER 7 AS OF 13 JUNE 1992.

On June 9, 1992, an order converting Burrell's case to a chapter 7 was entered.[2]

On July 14, 1992, Burrell moved to consolidate his two bankruptcy cases. However, on July 17, 1992, the court denied this motion finding the second chapter 13 case was properly dismissed on May 29th and properly closed on June 23rd.

Harry Shaia, Jr. was appointed Burrell's chapter 7 trustee and eventually filed a no asset report on August 5, 1992.

On August 19, 1992, hearing was held on Burrell's motion to show cause and for sanctions against Letterlough. The court denied Burrell's motion as moot. The court found that Burrell was trying to re-litigate the court's ruling of March 3rd where the court found Letterlough's lien to be valid. Moreover, the court found grounds to sanction Burrell in the amount of $150.00 for naming Letterlough's lawyer as a defendant in his motion.

On September 11, 1992, Burrell appealed the court's August 19th ruling and filed another motion and affidavit to proceed in forma pauperis. In his affidavit Burrell stated he was now earning $300.00 per month at Wackenhut Corporation, had

1. However, on May 29, 1992, Burrell's second chapter 13 case was dismissed for failing to pay the third of three $40.00 filing fee installment payments. His second chapter 13 case was officially closed on June 23, 1992, with the $40.00 fee still outstanding. On July 8, 1992, the matter of this outstanding fee was sent to the United State Attorney Collection Unit.

2. This calls into serious question Burrell's sincerity in filing his initial chapter 13 case. Only two days after the court allowed Burrell to

reinstate his chapter 13 case he voluntarily converted his case to a chapter 7 on the eve of the six year anniversary of his last chapter 7 case.

However, Burrell appears to have acted too soon. Under § 727(a)(8) Burrell is not entitled to a discharge since he received a previous discharge in a case commenced within six years before the date of the filing of the petition, or as in this case, when the case was converted to a chapter 7. June 13, 1986, is when Burrell's previous chapter 7 case commenced, and this case was converted to chapter 7 on June 9, 1992.

$40.00 in cash, and was still "single" but this time with "1" dependant. He does not list the dependant's name or relation. Where the affidavit form asks about creditors and monthly debts Burrell answered "see schedules." On this affidavit Burrell did not list any other income or disclose his ownership of the 1982 Plymouth Horizon automobile as he did in his April 6th affidavit.

On September 14, 1992, Burrell filed an amended affidavit to proceed in forma pauperis where he disclosed his ownership of the 1982 Plymouth Horizon automobile which he valued at $150.00 and indicated for the first time that his marital status was "separated." Burrell also stated that his earnings from Wackenhut Corporation had increased to $310.00 per month. Again, Burrell stated he had "1" dependant but did not give the dependant's name or relation.

On September 17, 1992, Burrell began a new adversary proceeding against Letterlough (Adv.Pro. No. 92–3144) demanding that Letterlough's judicial lien be set aside as a preferential transfer. Although the clerk's office advised Burrell that opening a new adversary proceeding to pursue this theory was unnecessary and could complicate his file, he insisted.

On September 23, 1992, hearing was held on Letterlough's motion to lift the automatic stay to allow him to sell the dump truck in his possession. The court found no equity in the truck, concluded Letterlough was not adequately protected and granted relief from stay. However, during the hearing Burrell informed the court of his other adversary proceeding where he was asserting Letterlough's judicial lien on the truck to be a preferential transfer.

On September 24, 1992, the court by letter reconsidered its bench ruling granting relief from the automatic stay. The court allowed Burrell to try his preference action and continued the automatic stay in effect. Final hearing on Letterlough's motion for relief from stay and Burrell's preference trial were set down for October 21, 1992.

On October 21, 1992, Letterlough prevailed on all issues and was again granted relief from the stay. However, Burrell had moved this court to allow him to proceed in forma pauperis through the remainder of his case and his appeals to the district court.

At the October 21st hearing Burrell made only a brief general statement alleging his poor financial condition to support his motion to proceed in forma pauperis.

*Discussion and Conclusions of Law*

 Proceedings in forma pauperis are generally governed by 28 U.S.C. § 1915(a) which states in pertinent part:

Any court of the United States may authorize the commencement ... of any suit, action or proceeding, ... or appeal therein, without prepayment of fees and costs ... by a person who makes affidavit that he is unable to pay such costs.... Such affidavit shall state the nature of the action ... or appeal and affiant's belief that he is entitled to redress.

*An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.*

28 U.S.C. § 1915(a) (emphasis added).[3]

However, certain bankruptcy fees are explicitly excepted from the forma pauperis

---

**3.** There is considerable controversy over whether 28 U.S.C. § 1915(a) can ever be applied by a bankruptcy court. Some courts have held that the definition of "court of the United States" in 28 U.S.C. § 451 does not include bankruptcy courts. *See e.g., In re Perroton,* 958 F.2d 889 (9th Cir.1992) (citing *United States v. Kras,* 409 U.S. 434, 93 S.Ct. 631, 34 L.Ed.2d 626 (1973)); *In re Broady,* 96 B.R. 221 (Bankr.W.D.Mo.1988) (citing *Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982)); *but see e.g., In re Gurda*

*Farms, Inc.,* 10 B.R. 479 (S.D.N.Y.1980); *In re Anderson,* 130 B.R. 497 (Bankr.W.D.Mich.1991) (citing *Freytag v. C.I.R.,* —— U.S. ——, 111 S.Ct. 2631, 115 L.Ed.2d 764 (1991)); *In re Moore,* 86 B.R. 249 (Bankr.W.D.Okla.1988). 28 U.S.C. § 451 states in pertinent part:

The term "court of the United States" includes the Supreme Court of the United States, courts of appeals, district courts constituted by chapter 5 of this title, ... *and any court created by Act of Congress the judges of which*

statute (i.e., "non-waivable") by 28 U.S.C. § 1930(a) which states in pertinent part:

Notwithstanding section 1915 of this title, the parties commencing a case under title 11 shall pay the clerk of the court the following filing fees:

(1) For a case *commenced* under chapter 7 or 13 of title 11, $120.

28 U.S.C. § 1930(a)(1) (emphasis added).

Accordingly, to the extent Burrell is asking the court to waive the $40.00 fee he still owes for commencing his second chapter 13 case, his request must be denied outright.

■ However, appeal fees and costs are not explicitly excepted from waiver under the in forma pauperis statute.[4] *See In re Moore*, 86 B.R. 249, 250 (Bankr. W.D.Okla.1988) (citing *In re Palestino*, 4 B.R. 721, 723 (Bankr.M.D.Fla.1980)); *Weakland v. Avco Financial Services, Inc.*, 4 B.R. 114, 115 (Bankr.Del.1980); *but see In re Rogers*, 147 B.R. 16 (Bankr. E.D.Va.1992). Accordingly, Burrell's request to waive the $105.00[5] fee for filing an appeal depends on whether he has "demonstrate[d] that the circumstances in this case warrant the Court's granting such relief." *In re Frottier*, 130 B.R. 614, 615 (Bankr.S.D.Fla.1991). In order to allow a litigant to proceed in forma pauperis the court must find that "the appellant has sufficient financial need and that the proposed proceedings are, in fact, taken in good faith and are not frivolous or malicious." *In re Hubka*, 84 B.R. 161, 162 (Bankr.Neb.1988). That is, the proposed proceedings must not be "interposed for improper purposes, i.e., to harass ... to cause undue delay with respect to court proceedings, and to increase the cost of litigation." *In re Anderson*, 130 B.R. 497, 498 (Bankr.W.D.Mich.1991) (citing Bankruptcy Rule 9011). After considering the protracted history of this case the court must conclude that Burrell has not demonstrate "sufficient financial need" nor the requisite "good faith" necessary to permit this court to grant him in forma pauperis status.

Burrell has presented no reliable evidence concerning his financial condition. After examining Burrell's file the court concludes that most of the papers filed by Burrell are either frivolous, spurious, incomprehensible, or not in compliance with applicable Bankruptcy Rules.

In support of his motion Burrell has submitted three "form" affidavits to proceed in forma pauperis. Burrell claims a different (increasing) level of income on each affidavit ($250.00, $300.00, $310.00 per month). On two of the affidavits Burrell claims an unnamed dependant. On one of the affidavits Burrell claims his marital status "separated" while on the other two it is "single." Moreover, on one of the affidavits Burrell claims "other source income" of $1,000 while on the other two this is not shown. On two of the affidavits Burrell claims ownership of a 1982 Plymouth Horizon; on one he values it at $200.00 on the other he values it at $150.00.

Furthermore, all three affidavits are at great variance with the two chapter 13 plans Burrell proposed. In Burrell's sched-

---

*are entitled to hold office during good behavior...*.

28 U.S.C. § 451 (emphasis added).

The courts that have ruled that bankruptcy courts cannot apply § 1915 hold that the definition of "court of the United States" does not include bankruptcy courts because they are not "court[s] ... the judges of which are entitled to hold office during good behavior." This reference is argued to be an exclusion of all non-Article III judges.·

Because I find other grounds on which to deny this debtor's request to proceed in forma pauperis, the court assumes without deciding that under the appropriate circumstances a bankruptcy court can apply 28 U.S.C. § 1915(a).

**4.** It is important to note that § 1915(a) only permits waiving the "prepayment" of fees as opposed to the waiving of fees altogether.

**5.** The Judicial Conference has imposed the following fees respecting bankruptcy appeals: (1) "Upon the filing of a notice of appeal with the bankruptcy court in a proceeding arising under the Bankruptcy Act, $5 shall be paid to the clerk of the bankruptcy by the appellant;" and (2) "For docketing a proceeding on appeal or review from a final judgment of a bankruptcy judge pursuant to 28 U.S.C. § 158(a) and (b), $100." *See* Judicial Conference Schedule of Fees listed in Historical and Statutory Notes to 28 U.S.C. § 1930.

ules for his first chapter 13 plan he listed monthly net income of $2,000.00 and expenses of $606.00. In his modified plan he listed monthly net income of $1,450.00 and expenses of $1,006.00. Burrell did, however, consistently claim in his schedules an annual income of $30,000.00 and $5,000.00 in income from settling a personal injury lawsuit. Finally, at hearing Burrell provided no evidence on his financial condition except for his own general uncorroborated assertions.

■ Even if the court accepted Burrell's affidavits as truthful he has not established he is without means to pay the filing fee on appeal. In debtor's most recent affidavit he discloses that he is employed and is making at least $310.00 per month. From that statement alone the court can conclude debtor is not impoverished and does indeed have the ability to pay the $105.00 filing fee for an appeal. As one court recently noted, "the Bankruptcy Court system was not designed for paupers." *In re Frottier,* 130 B.R. 614, 615–16 (Bankr.S.D.Fla.1991). Congress intended the system to be self-sustaining and to preclude courts from waiving filing fees for appeals, except in unusual circumstances. *Id.* (citing *In re Hubka,* 84 B.R. 161 (Bankr.Neb.1988)). The fee for filing an appeal would be nullified if this court were to liberally permit in forma pauperis appeals. *In re Hubka,* 84 B.R. at 162. Accordingly, absent unusual circumstances, which do not exist in this case, this court will not waive filing fees on appeals. *Id.*

Burrell's request should be denied for a second independent reason; Burrell's utter lack of good faith. *See In re Anderson,* 130 B.R. 497 (Bankr.W.D.Mich.1991). A court may determine an appeal may not be taken in forma pauperis when it determines, in writing, that the appeal is not taken in good faith. *In re Anderson,* 130 B.R. at 500. Although the court has made extensive accommodations with regard to Burrell's pro se status his dealings over the past year with court staff and his opposition have been borderline contemptible. At one point the court found grounds to sanc-

tion Burrell for suing the defendant's lawyer. Furthermore, Burrell's repeated attempts to re-litigate moot issues have been directly contrary to the court's instructions. The court believes a good case can be made that Burrell has used the Bankruptcy process for a year to harass, delay, and increase the cost of litigation to Letterlough. In short, Burrell has not demonstrated the "good faith" required to warrant allowing him to proceed in forma pauperis on appeal. Accordingly, if Burrell wishes to proceed on appeal he shall pay the applicable filing fees.

For all the foregoing reasons the debtor's request that he be allowed to proceed with appeal in forma pauperis is denied.

A separate order will be entered.