Paul RAVIDA, Debtor.

Friedrich Lu, Appellant,

v.

Paul Ravida, Appellee.

BAP No. MB 02–059.
Bankruptcy No. 97–12041–CJK.

United States Bankruptcy Appellate Panel
of the First Circuit.

July 31, 2003.

DE JESÚS, HAINES and CARLO,
United States Bankruptcy Appellate Panel
Judges.

## ORDER DENYING PERMISSION TO PROCEED IN FORMA PAUPERIS

Before the Bankruptcy Appellate Panel (the "Panel") is an Affidavit to Accompany Motion for Leave to Proceed In Forma Pauperis before the United States Court of Appeals for the First Circuit, transmitted by that court to the Panel for action.[1] On January 27, 2003, Friedrich Lu ("Lu") appealed to the Court of Appeals from the Panel's dismissal of his case objecting to an August 28, 2002 order of the United States Bankruptcy Court for the District of Massachusetts (the "bankruptcy court") discharging the debtor, Paul Ravida ("Debtor"/"Ravida").

## BACKGROUND

Lu's dispute with Ravida concerns Lu's tenancy at 123 Sidney Street, Dorchester, Massachusetts (the "Property"), the Property once owned by Ravida. In May 1996, the Federal Home Loan Mortgage Company ("FHLMCO") successfully foreclosed on the Property, thus making FHLMCO, rather than Ravida, Lu's landlord. Eviction proceedings were initiated against Lu and Lu sought to enjoin eviction in actions before the United States District Court for the District of Massachusetts. *See Lu v. Ravida,* No. 96–11253 (D. Mass. filed June 18, 1996), *aff'd,* No. 97–1125 (1st Cir.1997); *Lu v. Suffolk County,* No. 96–12546 (D. Mass. filed Dec. 17, 1996), *appeal dismissed,* No. 98–1943 (1st Cir.1998); *Lu v. Harshbarger,* No. 97–12021 (D. Mass. filed Sept. 9, 1997), *aff'd,* No. 97–2269 (1st Cir. 1998); *In re Lu,* No. 97–12323 (D. Mass. filed Oct. 10, 1997), *aff'd,* No. 97–2202 (1st Cir.1997). None of these actions were successful, but Lu continued to live at the Property.

Ten months after the foreclosure, in March 1997, Ravida filed his bankruptcy petition. Lu filed an adversary proceeding in Ravida's bankruptcy action, attempting to litigate his dispute with FHLMCO. *See Lu v. Ravida,* Adv. Pro. No. 97–1338 (Bankr.D. Mass. filed May 30, 1997). The bankruptcy court abstained. Lu then filed a second adversary proceeding, *Lu v. Ravida,* Adv. Pro. No. 97–1347 (Bankr.D. Mass. filed June 5, 1997) and tried, unsuc-

---

1. Fed. R.App. P. 24(a) requires that a party to a district court action who desires to appeal in forma pauperis must file a motion in the district court. Fed. R.App. P. 6(b)(1)(C) provides that when an appeal is from a bankruptcy appellate panel, the term "district court," as used in any applicable rule, means "appellate panel." Thus, Lu's application to proceed in forma pauperis must first be acted on by the Panel.

cessfully, to withdraw the reference and move Ravida's bankruptcy case to the district court. *Lu v. Federal Home Loan*, No. 97–12129 (D. Mass. filed Sept. 24, 1997).

On January 20, 1998, Lu was forcibly removed from his apartment pursuant to a Massachusetts Housing Court order. Upon removal, Lu requested an order from the bankruptcy court enjoining the execution of the Massachusetts Housing Court order. The bankruptcy court denied his request. Lu appealed to this Panel, filing a Motion for Stay Pending Appeal which was denied for lack of federal subject matter jurisdiction.[2] *Lu v. Ravida*, No. 98–08 (1st Cir.B.A.P.), *aff'd*, No. 98–9006 (1st Cir.1998).

On August 16, 1999, the bankruptcy court issued an order abstaining from adjudicating any of Lu's claims except his objection to Ravida's discharge under 11 U.S.C. § 727(a) and his 11 U.S.C. § 523(a)(6) dischargeability complaint, and then overruled Lu's objection to Ravida's discharge and determined that Lu's claims against Ravida were not excepted from discharge. Lu filed four appeals from the bankruptcy court's order in the district court.[3] The district court ultimately affirmed the bankruptcy court's order, as did the Court of Appeals. *Lu v. Ravida*, No.

00–10993 (D. Mass. filed May 22, 2000) (Lu's brief presents "no valid ground for vacating or modifying any order appealed from"), *aff'd on other grounds*, No. 01–1491 (1st Cir.2002).

On August 28, 2002, the bankruptcy court issued an order discharging Ravida (the "Discharge Order") in the main bankruptcy case. On September 9, 2002, Lu appealed the Discharge Order to this Panel. On November 26, 2002, the Panel dismissed Lu's appeal and on January 27, 2003, Lu appealed the Panel's decision to the United States Court of Appeals for the First Circuit.

## DISCUSSION

### I. Authority to Consider In Forma Pauperis Relief

■ The question before the Panel is whether Lu's appellate filing fees may be waived. The authority to proceed in forma pauperis is found in 28 U.S.C. § 1915(a), providing that "any court of the United States" may:

> authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that .... the person is

---

2. The February 27, 1998 Order of the Bankruptcy Appellate Panel in No. 98–008 provides:

   Bankruptcy court has jurisdiction to consider all matters related to the property of the estate. 28 U.S.C. §§ 1334(e) and 157(a), (b). Property of the estate includes "all legal or equitable interests of the debtor in the property as of the commencement of the case." 11 U.S.C. § 541(a)(1). While the debtor may have once owned the property from which Lu was removed, foreclosure occurred prior to the filing of the debtor's bankruptcy petition. As such, the property in question never was part of the estate ....

3. Three of these appeals were considered in *Lu v. Ravida*, No. 99–12448 (D. Mass. filed Nov. 30, 1999). The district court remanded the matter to the bankruptcy court and Lu appealed that order. The Court of Appeals dismissed the matter as presented as interlocutory. *Lu v. Ravida*, No. 00–1143 (1st Cir. 2000). The notice of appeal decided by the district court in *Lu v. Ravida*, No. 00–10993 (D. Mass. filed May 22, 2000) is docketed in the bankruptcy court action as "Plaintiff's Fifth Notice of Appeal," but no fourth notice of appeal appears on the docket.

unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a).[4] In 1973, however, the U.S. Supreme Court ruled that 28 U.S.C. § 1915(a) does not allow waiver of fees for filing a bankruptcy petition, holding that no constitutional right to discharge debts in bankruptcy exists, and further holding that bankruptcy fee requirements do not violate due process or equal protection rights. *United States v. Kras*, 409 U.S. 434, 93 S.Ct. 631, 34 L.Ed.2d 626 (1973); *see also In re Garland*, 428 F.2d 1185, 1187 (1st Cir.1970), *cert. denied*, 402 U.S. 966, 91 S.Ct. 1624, 29 L.Ed.2d 107 (1971) (requiring payment of fees in order to obtain discharge not a violation of due process); *In re Red Barn*, 23 B.R. 593 (Bankr.D.Me.1982) (requiring payment of fee to file a complaint for relief from stay does not violate any fundamental right). The Bankruptcy Reform Act of 1978, 11 U.S.C. §§ 101, *et seq.*, codified the *Kras* holding, expressly excepting fees associated with the commencement of bankruptcy cases from the operation of 28 U.S.C. § 1915(a):

> Notwithstanding section 1915 of this title, the parties *commencing a case* under title 11 shall pay to the clerk of the district court or the clerk of the bankruptcy court . . . the following filing fees . . .

28 U.S.C. § 1930(a) (emphasis added). Some courts read § 1930(a) expansively, holding that it prohibits a party from proceeding in forma pauperis in all bankruptcy proceedings. *See In re Woodman*, 213 B.R. 53, 56 (Bankr.D.Conn.1997) (holding that even though administrative fees are not explicitly excluded from waiver it was intended that these fees be paid in all cases); *In re Rogers*, 147 B.R. 16, 17 (Bankr.E.D.Va.1992) (debtors may not proceed in forma pauperis on appeal because the right to proceed in forma pauperis does not exist in bankruptcy); *Harris v. M.E.I. Diversified, Inc.*, 156 B.R. 814, 815 (Bankr.E.D.Mo.1993) (holding that creditor may not proceed in forma pauperis because § 1930 removes bankruptcy proceedings from the ambit of § 1915).

On the other hand, 28 U.S.C. § 1930(b), allowing the Judicial Conference of the United States to prescribe other fees in bankruptcy cases, does not contain any language removing these fees from the operation of § 1915. Most bankruptcy courts that have addressed the § 1930 issue in published opinions hold that § 1930(a) applies only to the filing of a bankruptcy petition and does not apply to fees, as set from time to time by the

---

4. Considerable difference of opinion exists as to whether bankruptcy courts are "courts of the United States" and thus able to grant § 1915 relief at all. *Compare Perroton v. Gray (In re Perroton)*, 958 F.2d 889, 896 (9th Cir. 1992) (concluding that bankruptcy court is not "court of United States" and therefore lacks authority to waive fees under § 1915(a)) with *Matter of Anderson*, 130 B.R. 497 (Bankr. W.D.Mich.1991) (*citing Freytag v. C.I.R.*, 501 U.S. 868, 111 S.Ct. 2631, 115 L.Ed.2d 764 (1991)) (concluding that bankruptcy courts are "courts of the United States"); *see also Burrell v. Letterlough (In re Burrell)*, 150 B.R. 369, 372 n. 3 (Bankr.E.D.Va.1992) (collecting cases). Bankruptcy courts in this circuit have either found authority to apply § 1915 on other grounds, *see McGinnis v. McGinnis (In re McGinnis)*, 155 B.R. 294, 295–96 (Bankr. D.N.H.1993) (explaining that adversary proceeding is within the jurisdiction of the bankruptcy court as delegated under 28 U.S.C. § 157(a), and because motion to proceed in forma pauperis is incidental to the adversary proceeding, bankruptcy court has authority under 28 U.S.C. § 157(b) to decide it), or assumed authority to decide the issue, *see In re Red Barn*, 23 B.R. 593 (Bankr.D.Me.1982); *Newton v. Fontaine (In re Fontaine)*, 10 B.R. 175 (Bankr.D.R.I.1981). We assume without deciding that under appropriate circumstances a bankruptcy court can apply 28 U.S.C. § 1915.

Judicial Conference pursuant to § 1930(b), for other proceedings in bankruptcy. *See Benoit v. Lassina (In re Lassina)*, 261 B.R. 614, 616 (Bankr.E.D.Pa.2001) (holding that section 1930(b) fees may be waived by bankruptcy courts); *Burrell v. Letterlough (In re Burrell)*, 150 B.R. 369, 373 (Bankr. E.D.Va.1992) (concluding that appeal fees and costs are not explicitly excepted from waiver under the in forma pauperis statute); *In re Moore*, 86 B.R. 249, 251 (Bankr.W.D.Okla.1988) (holding that debtor could proceed in forma pauperis on appeal); *Weakland v. Avco Fin. Servs., Inc. (In re Weakland)*, 4 B.R. 114, 115 (Bankr.D.Del.1980) (concluding that debtors could proceed in forma pauperis in adversary proceeding to avoid lien); *In re Palestino*, 4 B.R. 721, 722 (Bankr.M.D.Fla. 1980) (explaining that section 1915 applies in all bankruptcy proceedings except the filing of an original bankruptcy petition). Thus, debtors filing new cases must pay filing fees while other parties, more incidently involved in bankruptcy proceedings, may be able to proceed in forma pauperis. Because appeal fees are not explicitly excepted from waiver by § 1930, we conclude that we may consider Lu's § 1915 request to proceed in forma pauperis on appeal to the United States Court of Appeals for the First Circuit.

## II. Lu's Motion for Leave to Appeal In Forma Pauperis

■ 28 U.S.C. § 1915 provides that a petition to proceed in forma pauperis is granted or denied at the discretion of the court. However, the court's discretion is limited to determinations of poverty and objective good faith. *Kinney v. Plymouth Rock Squab Co.*, 236 U.S. 43, 46, 35 S.Ct. 236, 59 L.Ed. 457 (1915). Good faith is

demonstrated when an applicant seeks appellate review of any issue that is not frivolous. *Coppedge v. United States*, 369 U.S. 438, 445, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962). Thus, a determination as to whether Lu's application to proceed in forma pauperis on appeal should be granted turns on two factors: 1) a showing by affidavit that he is unable to pay the filing fees, *see Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40, 69 S.Ct. 85, 93 L.Ed. 43 (1948), and 2) a showing that the proposed proceedings are not frivolous or malicious, *see* 28 U.S.C. § 1915(e).

We are satisfied that Lu has met the requisite showing of poverty. Lu's affidavit indicates that he is unemployed and homeless, with a mailing address at a local homeless shelter. He attests to having no assets.

■ We turn to an examination of the merits of the appeal to ensure that judicial and public resources are not expended needlessly on an appeal which has no basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325–29, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); *Forte v. Sullivan*, 935 F.2d 1, 3 (1st Cir.1991). Probable success on the merits need not be shown. Where any nonfrivolous or colorable issue on appeal exists, the court is required to grant a motion for leave to file in forma pauperis.[5] *Forte*, 935 F.2d at 3; *Fredyma v. AT & T Network Systems, Inc.*, 935 F.2d 368 (1st Cir.1991). Dismissal of an in forma pauperis complaint is appropriate when the claim is based on "indisputably meritless legal theory or factual allegations are clearly baseless." *Forte*, 935 F.2d at 3; *see also Denton v. Hernandez*, 504 U.S. 25, 31–33, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992).

---

**5.** The standard for dismissal under § 1915(d) is more rigorous than the standard for dismissal under Fed.R.Civ.P. 12(b)(6). *See Street v. Fair*, 918 F.2d 269, 273 (1st Cir.1990) (finding that complaint that failed to state a claim under Fed.R.Civ.P. 12(b)(6) was not "frivolous" under § 1915(d), as deficiencies might be cured by an amended complaint).

Lu is, or has been, a litigant in 16 cases before the District Court for the District of Massachusetts and 12 appeals before the United States Court of Appeals for the First Circuit, most having to do with his eviction and many of them arising from orders in Ravida's bankruptcy case. These courts recognized Lu's pro se status and, as a result, made extensive accommodations for him. When the courts' orders are examined, however, two themes become apparent. Lu repeatedly attempts to re-litigate moot issues, *see Lu v. Suffolk County*, No. 96–12546 (D. Mass. filed Dec. 17, 1996) (prohibiting Lu from submitting any further filings unless prior permission is obtained from the court); *Lu v. Harshbarger*, No. 97–12021 (D. Mass. filed Sept. 9, 1997) (holding that Lu improperly opened the case in violation of court's order); *Lu v. Federal Home Loan*, No. 97–12129 (D. Mass. filed Sept. 24, 1997) (directing clerk not to receive and file any further submission from Lu), and he repeatedly files actions without apparent legal merit, *see Lu v. Hadlock*, No. 97–12323 (D.Mass.1997) (finding no arguable legal basis for the complaint); *Lu v. Suffolk County*, No. 98–1943 (1st Cir.1998) (dismissing appeal as frivolous and describing petition for rehearing as "patently meritless"); *Lu v. Ravida*, No. 98–9006 (1st Cir.1998) (dismissing appeal from a Panel decision as frivolous under 28 U.S.C. § 1915(e) and finding that "appellant's additional argument is . . . completely meritless").

We find the present appeal to be in the same vein. Through this appeal, Lu is attempting to re-litigate the district court's final judicial decision on the merits of his claim. *See Lu v. Ravida*, No. 00–10993 (D. Mass. filed May 22, 2000), *aff'd on other grounds*, No. 01–1491 (1st Cir.2002). As we stated in our Order of November 26, 2002, "[H]aving appealed the bankruptcy court's order overruling his objection to Ravida's discharge to the district court, Lu cannot now appeal Ravida's discharge to the Bankruptcy Appellate Panel." *Lu v. Ravida*, No. 02–059 (1st Cir. BAP 2002). Further, Lu's claims are manifestly frivolous. The district court found that Lu's brief presented "no valid ground for vacating or modifying any order appealed from." *Lu v. Ravida*, No. 00–10993 (D. Mass. filed May 22, 2000). In this Circuit, "a complaint which states a claim that appears to have expired under the applicable statute of limitations may be dismissed as frivolous" under § 1915. *Street v. Vose*, 936 F.2d 38, 39 (1st Cir.1991). On the same principle, a complaint which states "no valid ground for vacating or modifying any order appealed from" is also frivolous under § 1915. Re-litigating a frivolous claim is not only plainly frivolous but patently without good faith.

For all the foregoing reasons, Lu's request to proceed in forma pauperis is DENIED.