In re GUIMOND FARMS, INC., Bankrupt.

George STEARNS, Trustee of New England N.F.O. Member Dairy Custodial Account, Plaintiff,

v.

FALL RIVER TRUST COMPANY, Guimond Farms, Inc., and Herbert C. Kahn, Trustee, Defendants.

Bankruptcy No. 77–1968–HL.

United States Bankruptcy Court, D. Massachusetts.

March 27, 1981.

Ellen Mercer Fallon, Langrock, Sperry, Parker & Stahl, Middlebury, Vt., for plaintiff.

Leonard M. Salter, Wasserman & Salter, Boston, Mass., for Bank.

Mark N. Berman, Widett, Slater & Goldman, Boston, Mass., for Trustee.

Joel B. Rosenthal, Theise & Rosenthal, Boston, Mass., for bankrupt.

## MEMORANDUM ON MOTION TO DISMISS AND SANCTIONS

HAROLD LAVIEN, Bankruptcy Judge.

### I. *Facts and Procedural Background*

Guimond Farms, Inc., (hereinafter Bankrupt) filed a Petition for an arrangement under Chapter XI of the Bankruptcy Act on August 23, 1977. Just prior to this date, the Bankrupt's account debtors had been notified by the Fall River Trust Company (hereinafter Bank) that it held a first lien on the Bankrupt's accounts receivable as well as a first lien on many of its vehicles. The Bank collected approximately $165,000 as of August 23, 1977 by virtue of·this lien or by set-off of sums on deposit at the bank.

The Bankrupt, as Debtor-in-Possession, filed a complaint in this court against the Plaintiff above, George Stearns, Trustee of New England N.F.O. Member Dairy Custodial Account, a creditor of the Bankrupt (hereinafter N.F.O.) seeking a determination of the validity and amount of N.F.O.'s alleged claim against the Bankrupt and the validity and extent of any liens securing that claim. This court ruled that N.F.O. had a validity perfected security interest in the Bankrupt's accounts receivables as of August 23, 1977, but subject to any prior perfected security interest, and that N.F.O. had a validly perfected security interest in certain of the Bankrupt's dairy equipment.

On April 14, 1978, Guimond Farms was adjudicated a bankrupt and Herbert C. Kahn was appointed as Trustee in Bankruptcy. After having been relieved from the automatic stay by this court on July 27, 1978, N.F.O. foreclosed its perfected security interest on the Bankrupt's dairy equipment. N.F.O. next sought relief from this court on August 21, 1980, when it filed a Motion for Determination and Payment of Secured Claim. That motion basically sought a turnover of the Bankrupt's accounts receivable collected by the Trustee in Bankruptcy, as well as alleging an improper $165,000 set-off by the Bank.

The motion was settled after N.F.O. and the Trustee stipulated, *inter alia*:

8. N.F.O. releases and forever discharges the bankrupt estate from any and all other claims that it may have or have had of every possible kind or description, with the sole exception of its unsecured claim in this proceeding which shall be allowed in the amount of $480,380.99.

The parties also agreed that the Bank had set-off $165,000 and N.F.O. was free to dispute its right to those funds.

The Stipulation was approved by this court on October 29, 1980 with the intention that it would resolve all outstanding disputes between N.F.O. and the Bankrupt estate, and it expressly so stated. Subsequent to the approval of the Stipulation, N.F.O. received a check from the Trustee for $108,414.23, representing the amount of the Bankrupt's accounts receivables as of August 23, 1977, over and above the $165,-000 collected and set-off by the Bank.

The present complaint was filed by N.F.O. on January 21, 1981. It names the Bank, the Bankrupt and the Trustee as defendants. The focal point of the complaint is that the Bank, by setting-off $165,-000, has left N.F.O. with $165,000 less in accounts receivable to satisfy its claim against the Bankrupt. N.F.O.'s complaint alleges that the Bank's "set-off" was improper, in violation of the Bankruptcy Act, accomplished without leave of court and without establishing the validity and amount of the underlying claim. The complaint goes on to allege that both the Bankrupt and the Trustee in Bankruptcy acted negligently and in collusion with the Bank in permitting the improper conduct alleged above.

At the hearing, the Defendant Guimond Farm's and the Defendant Trustee's Motion to Dismiss was allowed with prejudice because of the prior approved Stipulation which forever discharged the Bankrupt estate from any claims against it by N.F.O. and the agreed fact that the Trustee had no personal liability and was, in fact, appointed some time after the alleged events. The Court withheld judgment on the Bank's Motion to Dismiss and on the Trustee's Motion for the Imposition of Sanctions Upon the Plaintiff and its attorney in order that counsel for the Plaintiff could address these issues in their briefs.

## II. *Discussion*

### A. *Jurisdiction*

The Plaintiff and the only remaining defendant in this case are secured parties disputing their respective rights to the $165,000 set-off in which the estate has no interest since, in the outcome, inevitably, one or the other of the secured parties will be entitled to the money and the other will then have an unsecured claim in the same amount. The estate stands indifferent as to who prevails.

▉ Under the 1898 Act, as amended, the court's jurisdiction was limited generally to assets of debtors and bankrupts and not those of third parties. Subject matter jurisdiction to hear the instant adversary proceeding is lacking. *In re Dutchess Processing Co., Inc.*, 2 B.C.D. 912 (S.D.N.Y.1976). "A court of bankruptcy has no jurisdiction in a summary proceeding to entertain an adverse and contested controversy ... brought by, and directed against, persons other than the debtor." *In re Lubliner & Trinz Theatres, Inc.*, 100 F.2d 646, 651 (7th Cir. 1938).

▉ While under the old Act, § 2(a)(7), the Court had equitable jurisdiction, its powers were not so broad as to confer jurisdiction over disputes which were not related to property within the Debtor's estate, 1 *Collier on Bankruptcy* Para. 209 (14th ed.); nor over disputes between third parties which did not involve the debtor or its property, *Kaplan v. Guttman*, 217 F.2d 481, 484 (9th Cir. 1954); nor over a dispute that would not affect the administration of the debtor's estate, *First State Bank and Trust Company of Guthrie, Oklahoma v. Sand Springs State Bank of Sand Springs, Oklahoma*, 528 F.2d 350 (10th Cir. 1976). Moreover, the argument that since the Bank has filed a proof of claim to the $165,000 and, therefore, by participating in these proceedings has had jurisdiction conferred on it, is without merit. Third parties cannot confer jurisdiction on the Court in disputes in which the estate is not involved. *In re Dutchess Process' ig Co., Inc., supra.* The Trustee is now attempting to close the case, which is over three years old. The greater benefit to the estate is to have the Plaintiff pursue its claim against the Bank in some forum other than the Bankruptcy Court. The adversary proceeding is dismissed.

## B. *Sanctions*

 Counsel for the Bankrupt and the Trustee make an impassioned plea for the imposition of sanctions against both the Plaintiff and his counsel. The request for sanctions is anchored on Bankruptcy Rule 911 and F.R.C.P. 11 concerning frivolous pleadings; 28 U.S.C. § 1927 concerning vexatious litigation and on the general equitable powers of the Bankruptcy Court, *In re Hayward Gorham*, 4 B.C.D. 578 (N.D.Ga. 1978). The gravamen of the request for sanctions is that the Plaintiff has joined the Bankrupt after Plaintiff knowingly entered a Stipulation in which all claims against the Bankrupt were forever discharged. The claim against the Trustee is alleged to be equally frivolous since the acts complained of took place almost eight months before the Trustee was appointed. N.F.O.'s actions, it is claimed, have needlessly delayed the closing of this bankruptcy estate and that such actions evidence extreme bad faith on the part of Plaintiff and its counsel.

For its part, counsel for the Plaintiff maintains that she made good faith errors insofar as she misconstrued the Stipulation as it concerned claims against the Bankrupt as Debtor-in-Possession, and that she made a good faith judgment to include the Trustee since he succeeded to both the rights and the liabilities of the Debtor-in-Possession after the dismissal of the Chapter XI proceeding.

The Court well recognizes its duty of expeditious administration of bankruptcy estates and the potential disruption of such administration by frivolous and vexatious adversary proceedings. *Katchen v. Landy*, 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966). As the Court in *In the Matter of Georgia Paneling Supply, Inc.*, 18 C.B.C. 447 (N.D.Ga.1978) stated in explaining the relationship of Rule 911 and 28 U.S.C. § 1927: ·

The policy and objective of the Bankruptcy Act to move cases promptly and expeditiously in a specialized court in order to preserve resources of the bankrupt for the benefit of creditors upon net asset distribution, and the current overburden of the caseload in each court, support the wisdom of these Rules, which place substantial responsibility squarely upon attorneys as officers of the court to refrain *from being frivolous in matters which they bring before the courts.* *Id.* at 468.

Counsel for the Plaintiff may have strayed from her central responsibility of pursuing only meritorious actions in this Court, and may even have brushed the borderline of frivolous complaints. However, I find that counsel's actions did not breach that boundary and that they were good faith misjudgments not requiring the imposition of sanctions. The motion is denied.