In re Jesse C. BROOKS, Debtor.

Oscar HUFF, Plaintiff,

v.

Jesse C. BROOKS, Defendant.

Bankruptcy No. 93–10447–MAM.
Adv. No. 94–1105.

United States Bankruptcy Court,
S.D. Alabama.

Dec. 14, 1994.

Oscar Huff, pro se.

Christopher Kern, Trustee, Mobile, AL.

## ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS

MARGARET A. MAHONEY, Bankruptcy. Judge.

The Plaintiff in this adversary proceeding, Oscar Huff, has filed a Notice of Appeal and an Amended Notice seeking reversal of this Court's order declaring dischargeable any debt owed to him by Jesse Brooks pursuant to 11 U.S.C. § 523(a)(6).[1] Mr. Huff has filed a motion seeking leave to appeal *in forma pauperis* pursuant to 28 U.S.C. § 1915 in conjunction with his appeal. In the motion, he seeks to file his appeal without a filing fee and to obtain a copy of the transcript of the pretrial conference, a motion hearing and the trial without charge.[2,3] This court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Order of Reference of the District Court. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). For the reasons stated below, the motion is granted.

### I.

### FACTS

Oscar Huff has filed a Motion to Proceed In Forma Pauperis and attached the required statement of assets, liabilities, income and expenses. The statement shows Mr. Huff earns approximately $1,000 per month and has expenses of approximately $800. Mr. Huff has an old automobile and a bank account with $1,200 in it. He has debts of

---

1. Oscar Huff sued his half brother, Jesse Brooks, in Alabama state court alleging false imprisonment, malicious prosecution and conspiracy against him. Jesse Brooks signed two petitions to have Mr. Huff declared mentally ill and committed to a hospital for help. Mr. Brooks voluntarily withdrew the first petition and Circuit Judge Johnstone denied the second. The question for this court was whether any damages which might be awarded to Mr. Huff on his state court cause of action should be discharged by Jesse Brooks' bankruptcy filing or should Mr. Brooks' actions be declared "willful and malicious." If his actions were willful and malicious, the debt would "pass through" the bankruptcy discharge. This Court ruled that Jesse Brooks did not act willfully or maliciously. He may have been mistaken about whether Mr. Huff met the legal standard for commitment, but it was a concerned, genuine mistake.

2. Mr. Huff has also filed a motion entitled "FRAP 10(b) Motion" and an addendum to it requesting three transcripts. The motion is moot since this order grants him the right to obtain a transcript of the trial at government expense and denies his request for the others.

3. Mr. Huff has requested transcripts of the pretrial conference, the trial and the hearing on the Motion to Mary L. Hobbs to Quash Subpoena. All of the appeal issues relate to the alleged trial errors of the Court. The Court will not certify that the transcripts of the pretrial conference or hearing on the motion to quash a subpoena are necessary. The Court finds that there is no merit to the request for these transcripts.

over $10,000. The bankruptcy appeal filing fee is $105. The estimated cost of the transcript of the pretrial and trial proceedings in this matter is $2,800. On its face, the statement shows that Oscar Huff financially qualifies for *in forma pauperis* ("IFP") status.

## II.

### LAW

### A.

The narrow issue to be decided in this case is "Do bankruptcy courts have the authority to enter final orders as to *in forma pauperis* motions?" One case in this circuit has addressed this issue.[4] *Palestino v. Palestino (In re Palestino)*, 4 B.R. 721 (Bankr.M.D.Fla. 1980) held that bankruptcy judges did have the authority to rule on IFP motions. However, since 1984, that authority has come into question. Since 1984, no published case in the Eleventh Circuit has looked at the issue. To resolve this narrow point, a broader concept is implicated which the Eleventh Circuit and some other circuit courts have addressed. The broad issue is, "Is a bankruptcy court a 'court of the United States' by plain meaning or otherwise?"[5] One would think this would be an easy question to answer. It isn't. Courts have reached diametrically opposed answers to the question.

Section 1915 of Title 28 of the United States Code states that IFP motions may be ruled upon by a "court of the United States." A "court of the United States" is defined in 28 U.S.C. § 451. It states:

The term "court of the United States" includes the Supreme Court of the United States, courts of appeals, district courts

constituted by chapter 5 of this title, including the Court of International Trade and any court created by Act of Congress the judges of which are entitled to hold office during good behavior.

This definition does not, unless by implication, include bankruptcy courts.

Four circuit courts of appeal, the Third, Ninth, Tenth and Eleventh, have ruled that bankruptcy courts are not "courts of the United States." *Matter of Becker's Motor Transp., Inc.*, 632 F.2d 242 (3d Cir.1980) (bankruptcy court is not a "court of the United States" for purposes of 28 U.S.C. § 2201; *Perroton v. Gray (In re Perroton)*, 958 F.2d 889 (9th Cir.1992) (bankruptcy court is not a "court of the United States" for purposes of Section 1915; *Jones v. Bank of Santa Fe (In re Courtesy Inns)*, 40 F.3d 1084 (10th Cir.1994) (bankruptcy court is not a "court of the United States" for purposes of 28 U.S.C. § 1927);[6] *Internal Revenue Serv. v. Brickell Inv. Corp. (In re Brickell Inv. Corp.)*, 922 F.2d 696 (11th Cir.1991) (bankruptcy court is not a "court of the United States" for purposes of 26 U.S.C. § 7430); *Gower v. Farmers Home Administration (In re Davis)*, 899 F.2d 1136 (11th Cir.1990) (bankruptcy court is not a "court of the United States" for purposes of 28 U.S.C. § 2412); *see also Brown v. Mitchell (In re Arkansas Communities, Inc.)*, 827 F.2d 1219, 1221 (8th Cir.1987) ("questionable whether a bankruptcy court falls within the definition of 'courts of the United States'"). The reasoning is simple. The phrase "judges ... which are entitled to hold office during good behavior" is a term of art. It mirrors the language contained in Article III of the Constitution describing Article III judges. This phrase

---

4. In *In re Frottier*, 130 B.R. 614 (Bankr.S.D.Fla. 1991), Judge Cristol ruled that 28 U.S.C. § 1915 does not authorize a Chapter 7 filing IFP because 28 U.S.C. § 1930 expressly states that case filing fees must be paid by debtors regardless of their financial status.

5. Whether a bankruptcy court is a "court of the United States" affects the authority of bankruptcy courts in several areas. Bankruptcy courts cannot (1) enter declaratory judgments under 28 U.S.C. § 2201; (2) enter *in forma pauperis* orders under 28 U.S.C. § 1915; (3) enter sanctions orders under 28 U.S.C. § 1927; (4) award attorneys fees and costs against the government in tax

litigation conducted in bankruptcy court when the government position was not substantially justified under 26 U.S.C. § 7430; .or (5) award fees against the government under the Equal Access to Justice Act, 28 U.S.C. § 2412.

6. The Tenth Circuit ruled in *O'Connor v. United States Dep't of Energy*, 942 F.2d 771 (10th Cir. 1991) that a bankruptcy court did have authority to act under 28 U.S.C. § 2412 since the Equal Access to Justice Act said "any court" not "court of the United States". This decision conflicts with the Eleventh Circuit decision in *Davis, supra*, on this issue.

includes judges with life tenure. Bankruptcy judges are not judges with life tenure. They are Article I judges with terms of 14 years.

The Eleventh and Third Circuits end their analysis at this point. The Ninth and Tenth Circuits in *Perroton* and *Courtesy Inns* go further because they do not view the language of the statute as clear on its face. They hold that the language of Section 451 regarding what are "courts of the United States" is correct in its exclusion of bankruptcy judges because of the legislative history to Section 451. The Bankruptcy Reform Act of 1978 explicitly added to the definition of "courts of the United States" the phrase "and judge of the bankruptcy courts, the judges of which are entitled to hold office for a term of 14 years." This change to Section 451 was to take effect on June 28, 1984. A 1984 amendment to Section 451 in the Bankruptcy Amendments and Federal Judgeship Act ("BAFJA") eliminated the language before its effective date. As stated in *Courtesy Inns, supra* at 1086:

> There is no explicit legislative history as to why this change was made. From the comment by the senators involved in passing the 1984 amendments, especially Senator Hatch, *see* 1984 U.S.C.C.A.N. 98th Cong. 2d Sess. at 594–97, 602§06 [sic], the elimination appears to be from concerns arising as a result of *Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 73 L.Ed.2d 598, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), which struck down portions of the 1978 Bankruptcy Act as unconstitutional.

Therefore, according to the Ninth and Tenth Circuits' reasoning, since they were purposefully excluded from the statute in 1984, bankruptcy judges are not included in "courts of the United States."

■ With all due respect to the analysis of the Circuit Courts as to this issue, this Court does not believe their reasoning is correct. As "units of the district court" pursuant to 28 U.S.C. § 151, authority flows to the bankruptcy courts from the district courts through the order of reference. Bankruptcy judges' authority to deal with IFP motions is derived from this "flow down" jurisdictional scheme. The language specifically including bankruptcy judges in Section 451 would be superfluous at best, and contradictory at worst, with this structure. The deletion of the proposed addition to the language of 28 U.S.C. § 451 was made in the Bankruptcy Amendments and Federal Judgeship Act ("BAFJA") in 1984. The entire act was the legislative response to the *Northern Pipeline* case. The language that was to take effect on June 28, 1984, including bankruptcy courts as "courts of the United States" was deleted because it was no longer necessary. BAFJA, to correct the *Northern Pipeline* deficiencies in the bankruptcy system, made bankruptcy judges "units of the district court." Numerous cases, albeit not circuit court cases, agree with this reasoning.[7]

■ Statutes are not to be read as limiting other statutes by negative implication where the statutes are not "positively repugnant." *Connecticut Nat'l Bank v. Germain*, 503 U.S. 249, 112 S.Ct. 1146, 117 L.Ed.2d 391 (1992). Sections 157 and 451 are not repugnant or conflicting; they are in harmony. Section 151 establishes that bankruptcy courts have authority through the district courts. Section 157(b)(1) authorizes bankruptcy judges to "enter appropriate orders and judgments" in core matters. A dischargeability case under 11 U.S.C. § 523 is clearly a core matter. 28 U.S.C. § 157(b)(2)(I). Entry of orders ancillary to a dischargeability judgment is appropriate. In this case, the appeal and IFP motion are not new matters; they complete the adversary proceeding at the bankruptcy level. Allowing a bankruptcy court to

---

7. *Kirby v. Waynesboro Dupont Employees Credit Union (In re Kirby)*, 1993 WL 340986, 1993 U.S.Dist. LEXIS 12274 (W.D.Va.); *In re Chambers*, 131 B.R. 818 (Bankr.N.D.Ill.1991), *aff'd in part*, and *rev'd in part*, 140 B.R. 233 (N.D.Ill. 1992); *McGinnis v. McGinnis (In re McGinnis)*, 155 B.R. 294 (Bankr.D.N.H.1993); *Nieves v. Melendez (In re Melendez)*, 153 B.R. 386 (Bankr. D.Conn.1993); *Kreidle v. Department of Treasury,* *IRS (In re Kreidle)*, 145 B.R. 1007 (Bankr.D.Colo. 1992); *In re Anderson*, 130 B.R. 497 (Bankr. W.D.Mich.1991); *Wonder Corp. of Am. v. Chase Manhattan Bank (In re Wonder Corp. of Am.)*, 109 B.R. 18 (Bankr.D.Conn.1989); *Shumate v. Signet Bank (In re Shumate)*, 91 B.R. 23 (Bankr.W.D.Va. 1988); *In re Moore*, 86 B.R. 249 (Bankr. W.D.Okla.1988).

rule on matters involving facts and issues heard by that court is not "repugnant" to the purpose of Section 451. It is a logical result of Sections 157 and 451 being read together. The district court still retains review rights over the bankruptcy court decisions as to IFP issues as required by 28 U.S.C. § 157.

### B.

 A court is to grant an IFP motion if the movant qualifies financially and his or her claim is not "wholly insubstantial" or "fanciful, fantastic, and delusional." *Denton v. Hernandez,* — U.S. ——, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992); *Wilson v. Barrientos,* 926 F.2d 480 (5th Cir.1991). Although it is obvious that this court views the appeal of Mr. Huff as very unlikely to succeed on the merits, the court cannot say all of the appeal grounds are baseless or fantastic. As stated in footnote 3, the Court does believe the requests for transcripts of the pretrial conference and hearing to quash a subpoena of a witness voluntarily not called by Mr. Huff are without merit. They do not deal with the issues raised in the Notice of Appeal. Accordingly, the motion should be granted based upon the grounds alleged except as to the two transcripts.[8] No filing fees are required for the appeal and Mr. Huff has a right to receive a trial transcript at government expense.

For the reasons indicated, IT IS ORDERED that the motion of Oscar Huff to proceed *in forma pauperis* is granted as to the filing fee and trial transcript.

---

**8.** If the district court should find that this Court does not have the authority to enter IFP orders in core bankruptcy matters, this opinion constitutes proposed findings of fact and conclusions of law submitted to the district court pursuant to Fed.R.Bankr.P. 9033 for its review and use in entry of a final order.