748

In re Edward C. LINDSEY, Debtor.

Edward C. LINDSEY, Plaintiff,

v.

UNIVERSAL GUARANTY LIFE
INSURANCE COMPANY,
Defendant.

Bankruptcy No. 93–71566.
Adv. No. 95–6027.

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

Feb. 9, 1995.

*ORDER*

JOYCE BIHARY, Bankruptcy Judge.

On January 13, 1995, plaintiff filed a pleading in this matter entitled, "Motion to Proceed In Forma Pauperis" ("Motion"), stating that it is brought pursuant to 28 U.S.C. § 1915 and Fed.R.Bankr.P. 4(c)(2). Plaintiff's Motion and attached affidavit are sufficient under 28 U.S.C. § 1915(a) to demonstrate that plaintiff is indigent.

There is no filing fee for this adversary proceeding. In accordance with the Judicial Conference Schedule of Fees, prescribed pursuant to 28 U.S.C. § 1930(b), filing fees in adversary proceedings are waived for all debtor-plaintiffs.

The only apparent request in the motion is for the Court to direct the United States marshal to effect proper service of the summons and complaint in this adversary proceeding without any cost to the plaintiff. Service of a summons and complaint by the United States marshal occurs only upon an order of the Court. Although the Court has discretion to issue such an Order, it declines to do so here for the following reasons.

First, contrary to plaintiff's citation, there is no Fed.R.Bankr.P. 4(c)(2). There is a federal rule of civil procedure, Fed.R.Civ.P. 4(c)(2), which deals with service of the summons and complaint by a United States marshal when plaintiff is authorized to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This rule is not applicable here.

An adversary proceeding filed in Bankruptcy Court is governed by the rules of Part VII of the Federal Rules of Bankruptcy Procedure. *See,* Fed.R.Bankr.P. 7001 (1995). Fed.R.Bankr.P. 7004 applies to service of process in adversary proceedings. Fed. R.Bankr.P. 7004 incorporates certain specified subdivisions of the Federal Rule of Civil Procedure relating to service of process, Rule 4, which were in effect on January 1, 1990. *See,* Fed.R.Bankr.P. 7004(g) (1995) (stating, "The subdivisions of Rule 4 F.R.Civ.P. made applicable by these rules shall be the subdivisions of Rule 4 F.R.Civ.P. in effect on January 1, 1990, notwithstanding any amendment to Rule 4 F.R.Civ.P. subsequent thereto.") Fed.R.Bankr.P. 7004(a) specifically incorporates subdivisions (a), (b), (c)(2)(C)(i), (d), (e) and (g)-(j) of Fed.R.Civ.P. 4 (1990). Plaintiff's reference to Fed. R.Civ.P. 4(c)(2) appears to be a citation to

the current version of Rule 4 as amended in 1993. Rule 4(c)(2) (1995) states:

> Service may be effected by any person who is not a party and who is at least 18 years of age. At the request of the plaintiff, however, the court may direct that service be effected by a United States marshal, deputy United States marshal, or other person or officer specially appointed by the court for that purpose. Such an appointment must be made when the plaintiff is authorized to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 or is authorized to proceed as a seaman under 28 U.S.C. § 1916.

Fed.R.Civ.P. 4(c)(2) (1995).

A similar provision existed in the 1990 version of Fed.R.Civ.P. 4, but it was found in Rule 4(c)(2)(B). Fed.R.Bankr.P. 7004(a) does not incorporate Fed.R.Civ.P. 4(c)(2)(B) (1990) or Fed.R.Civ.P. 4(c)(2) (1995). Fed.R.Bankr.P. 7004(b) specifically sets forth the methods by which proper service may be executed in an adversary proceeding. The rule includes nationwide service of process by regular or certified first class mail. Fed.R.Bankr.P. 7004 does not incorporate any part of Fed.R.Civ.P. 4 relating to service by a United States marshal and does not itself provide for any method of service by a United States marshal. Thus, the provisions on service of summonses and complaints by a United States marshal apply to civil actions filed in District Court, not to adversary proceedings filed in Bankruptcy Court.

Second, civil process can be more easily and less expensively effected by someone other than the United States Marshal Service personnel. As stated above, service of process in adversary proceedings may be effected by first class mail. Even in civil litigation brought in district courts where Fed.R.Civ.P. 4(c)(2) applies, the United States marshal may not be required to prepare and send the summons and request for waiver forms, along with the complaint, to the defendant. These functions can be completed by the plaintiff proceeding under 28 U.S.C. § 1915.

The Court recognizes that plaintiff may not have the means to afford postage. Accordingly, the Clerk is directed to pay for the cost of first class postage for mailing the summonses and complaints in this adversary proceeding submitted by plaintiff in accordance with the procedure set forth below.[1] Prior to mailing by the Clerk's Office, plaintiff shall:

1. Obtain a summons pursuant to Fed.R.Bankr.P. 7004(f) for each defendant;

2. Prepare each summons in accordance with Fed.R.Bankr.P. 7004;

3. Place each summons and a copy of the complaint in a properly addressed envelope;

4. Submit the addressed envelope(s), as well as a proper certificate of service, to Michael W. Dobbins, or his designee, Clerk's Office, United States Bankruptcy Court, Northern District of Georgia, Room 1340, 75 Spring Street, S.W., Atlanta, GA 30303, for mailing.

The Clerk's Office's responsibility will only be for postage and mailing, and the Clerk will not be responsible in any way for the accuracy of the names and addresses of the parties to be served.

The Court notes that this complaint is one of four complaints filed by debtor on January 13 and January 18, 1995, alleging violations of the automatic stay.[2] These four com-

---

**1.** The Court recognizes that there is an issue as to whether bankruptcy courts have the authority to rule on *in forma pauperis* motions. Judge Mahoney recently addressed this issue in *Huff v. Brooks*, 175 B.R. 409 (Bankr.S.D.Ala.1994) and concluded that bankruptcy courts, as "units of the district court" have authority to deal with *in forma pauperis* motions. The Court finds the reasoning in *Huff v. Brooks* to be persuasive. If, however, the district court should find that this Court does not have the authority to enter *in forma pauperis* orders in bankruptcy matters, this opinion constitutes proposed findings of facts and conclusions of law submitted to the district court pursuant to Fed.R.Bankr.P. 9033 for its review and use in entry of a final order.

**2.** The other three adversary proceedings are styled *Edward C. Lindsey v. United States Dept. of Treasury (IRS)*, Adversary Proceeding No. 95–6026; *Edward C. Lindsey v. Enterprise Rent-a-Car, Enterprise Leasing Company*, Adversary Proceeding No. 95–6028; and *Edward C. Lindsey v. Mobile Comm & A BellSouth Company*, Adversary Proceeding No. 95–6041.

plaints are virtually identical to a previous adversary proceeding, No. 94–6476, which was dismissed on December 8, 1994 for failure to properly effectuate service as required under specific orders entered on August 8 and August 17, 1994.[3] The Court had advised plaintiff how to perfect service under Bankruptcy Rule 7004. There was and is no reason that service by mail cannot be perfected by plaintiff under the simple procedures contained in Bankruptcy Rule 7004. Accordingly, the time within which service must be made is hereby shortened, and plaintiff has sixty (60) days from the entry of this Order to effectuate proper service in accordance with Fed.R.Bankr.P. 7004 and the procedures set forth above or else this adversary proceeding will be dismissed.

In accordance with the above reasoning, plaintiff's Motion is hereby GRANTED in part and DENIED in part.

IT IS SO ORDERED.

---

**3.** By directing the Clerk to pay the postage necessary for service, the Court makes no determination whatsoever as to the merits of plaintiff's claim in this matter and the other adversary proceedings referenced in footnote 2. At a hearing in Adversary Proceeding No. 94–6476 on December 7, 1994, the Court advised plaintiff that the claims made against the defendants were of questionable validity.