56 F.3d 61
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Richard M. MITCHELL, Trustee, Plaintiff-Appellee,
v.
Jared M. SONIES, Party in Interest-Appellant,
and
Aubrey G. NICHOLS; Elizabeth R. Nichols; Aubrey G.
Nichols, Jr.; E.F. Nichols; William Billy
Harbour, Defendants.
 No. 94-2528.
 United States Court of Appeals, Fourth Circuit.
 Argued May 4, 1995.
Decided June 5, 1995.
 
 ARGUED: James E.T. Lange, Silver Spring, MD, for Appellant. John W. Taylor, MITCHELL & RALLINGS, Charlotte, NC, for Appellee.
 W.D.N.C.
 AFFIRMED.
 Before MURNAGHAN and MICHAEL, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 On March 28, 1989, Nichols & Associates, Inc. filed a voluntary Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Western District of North Carolina. On January 2, 1991, Appellee, Richard M. Mitchell, the bankruptcy trustee, filed an adversary proceeding against several members of the Nichols family. On May 1, 1991, Appellant, Jared Sonies, a member of the Virginia bar (but not admitted in North Carolina), sought permission to appear pro haec vice before the bankruptcy court to represent the defendants, stating that "this motion in no way [will] be construed as being a motion for any other purpose or for an appearance extending beyond the limited purpose stated herein--i.e., arguing against plaintiff's motions." The bankruptcy court granted the motion to proceed pro haec vice "for the stated and limited purpose of arguing against motions of the plaintiff, dated April 4, 1991, and presently set for hearing on May 14, 1991."
 
 
 2
 Judgments were granted by the bankruptcy court against four of the defendants and a default judgment was awarded against the fifth. Ultimately, the bankruptcy court entered four orders in Mitchell's favor. Sonies filed a separate notice of appeal from each of the orders, three of those notices being untimely. Mitchell sought and obtained an order consolidating the four appeals on September 9, 1992.
 
 
 3
 On May 18, 1994, a hearing was held in the district court on Mitchell's motions to dismiss the case and to impose sanctions against Sonies. The district court denied Mitchell's request for sanctions under Rule 11 of the Federal Rules of Civil Procedure, see In re Akros Installations, Inc., 834 F.2d 1526, 1531 (9th Cir.1987), but did assess costs under 28 U.S.C. Sec. 1927 in the amount of $3,938.00 against Sonies. We affirm.
 
 
 4
 On appeal, Sonies seeks reversal of the Sec. 1927 award, contending that a district court cannot properly order an award against an attorney not admitted to practice before the court. In so arguing, however, Sonies ignores the plain language of Sec. 1927, which states that the section applies to anyone "admitted to conduct cases in any court of the United States." 28 U.S.C. Sec. 1927. Because Sonies was admitted to practice in Virginia and admitted to appear pro haec vice before the bankruptcy court, Sec. 1927 plainly applies to him. See also United States v. Guariglia, 962 F.2d 160, 163 (2d Cir.1992) (the bankruptcy court is a unit of the district court). Moreover, Sonies cannot escape that result by arguing that he never appeared before the district court and therefore was never subject to its jurisdiction; indeed, because it was Sonies who filed the four appeals to the district court, to allow Sonies now to claim that he was not properly within the personal jurisdiction of the district court for purposes of Sec. 1927 sanctions would be to allow him to circumvent the rules of the very court to which he voluntarily subjected himself by signing the notices of appeal.
 
 
 5
 Additionally, Sonies contends on appeal that his actions or inactions were not unreasonable and vexatious, and thus that the district court erred in assessing costs under Sec. 1927.* To justify sanctions under Sec. 1927, it is enough that Sonies acted "recklessly or in bad faith." Akros, 834 F.2d at 1532. Under the facts of the case, it is clear that the district court did not abuse its discretion in finding that Sonies indeed engaged in such behavior. See Blue v. United States Department of Army, 914 F.2d 525, 538 (4th Cir.1990), cert. denied, 499 U.S. 959 (1991) (a district court's decision to impose sanctions is entitled to "substantial deference" because a district court "is in the best position to review the factual circumstances and render an informed judgment as [it] is intimately involved with the case, the litigants, and the attorneys on a daily basis"). First, Sonies filed four separate appeals from the four orders of the bankruptcy court without attempting to consolidate those appeals into one appeal. The four appeals were eventually consolidated on Mitchell's motion. Second, Sonies failed to appear before the district court to argue the appeal on behalf of the defendants, and thus wilfully withdrew from the very appeal that he filed without giving notice of his withdrawal to the court or to Mitchell. Finally, three of the four notices of appeal filed by Sonies were untimely, yet he failed to seek an extension of time to ensure that they were properly brought. Although the taking of an appeal of right, by itself, may not be sufficient to constitute the bad faith or reckless behavior needed to create liability under Sec. 1927, the overall fashion in which Sonies conducted the litigation in the case before us paints an unmistakable picture of vexatious and unreasonable litigation practices. We find no abuse of discretion by the district court.
 
 Accordingly, the judgment is
 
 6
 AFFIRMED.
 
 
 
 *
 The text of Sec. 1927 states:
 Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.
 28 U.S.C. Sec. 1927.