**In re Albert Patrick CASIELLO, Debtor.**

**David Stone and Brisco Bailing Corp., Plaintiffs,**

**v.**

**Albert Patrick Casiello, Defendant.**

**Bankruptcy No. 01–17640–WCH. Adversary No. 02–1009.**

United States Bankruptcy Court, D. Massachusetts, Eastern Division.

Nov. 7, 2005.

Blake Godbout, Boston, MA, for Debtor.

## MEMORANDUM OF DECISION
## ON REMAND

WILLIAM C. HILLMAN, Bankruptcy Judge.

### I. *Introduction*

Judge Lindsey remanded this matter to me to consider whether sanctions under 28 U.S.C. § 1927 would be appropriate.[1]

Subsequently, I held a hearing and asked the parties to brief the issue as to whether I had jurisdiction to impose sanctions under that section. As set forth below, I conclude that I do have such authority and that a status conference should be held to consider further evidence or arguments.

### II. *Background*

On January 10, 2002, David Stone and Brisco Bailing Corp. (the "Plaintiffs") filed an adversary proceeding against Albert Patrick Casiello ("Defendant") seeking to have his discharge denied pursuant to 11 U.S.C. § 727(a)(2)(A). On September 8, 2004, after many discovery disputes, I entered judgment in favor of the Defendant. Later that month, the Defendant filed a motion for sanctions against the Plaintiffs and their attorney pursuant to 11 U.S.C. § 105(a) and 28 U.S.C. § 1927 and a motion for costs. The Defendant also filed a motion for sanctions under Fed. R. Bankr.P. 9011.

I entered orders granting the motion for costs and denying the motions for sanctions. I ruled that the motion brought under Rule 9011 was untimely and that I had no jurisdiction to rule on the motion brought under 11 U.S.C. § 105(a) if I could not act under Rule 9011. Thereafter, the Defendant appealed the order denying the motion for sanctions brought under 11 U.S.C. § 105(a) and 28 U.S.C. § 1927.

On appeal, Judge Lindsey concluded that my ruling was an error of law because there are no time constraints under 28 U.S.C. § 1927.[2] He remanded the case to

---

1. That section provides:

   Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceeding in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

2. *See* Memorandum and Order on Appeal of Appellant Albert Patrick Casiello From the Order of the Bankruptcy Judge Denying Casiello's Motion for Sanctions Under 28 U.S.C. § 1927 as Untimely, Civil Action No. 04–12553–RCL, (D.Mass. July 22, 2005) (the "Decision").

me to determine whether sanctions under this section were appropriate. He specified that he had no opinion as to whether the sanctions could be imposed, only that I was not precluded from considering the motion. Decision, p. 9. At the hearing on remand, I asked the parties to brief the issue of whether I have jurisdiction to consider a motion brought under 28 U.S.C. § 1927.

In his brief, the Defendant argues that I have authority to act based upon the Decision and also because this Court is a court of the United States as it is a unit of the United States District Court for the District of Massachusetts. In their brief, the Plaintiffs and their counsel explain that the courts of appeal are split on the issue and that the First Circuit has not written on the issue. They devote the bulk of their memorandum to the issue of whether the facts in this case warrant the imposition of sanctions.

### III. *Analysis*

#### A. Bankruptcy Court Jurisdiction Under 28 U.S.C. § 1927

After further reflecting on the Decision, I find that the Defendant is correct in stating that Judge Lindsey assumed without deciding that I have the authority to consider sanctions under 28 U.S.C. § 1927. I will follow that decision not only as the rule of the case, *U.S. v. Bell*, 988 F.2d 247 (1st Cir.1993), but also because it is a correct ruling of law. *Id.* at 251 ("[B]ecause the law of the case doctrine is a rule of policy and practice, rather than a jurisdictional limitation, it may tolerate a 'modicum of residual flexibility' in exceptional circumstances.")

The issue of whether a bankruptcy court has jurisdiction to impose sanctions under 28 U.S.C. § 1927 has produced mixed results. Some courts have ruled that they do not have such jurisdiction. *See e.g.*

*Jones v. Bank of Santa Fe (In re Courtesy Inns, Ltd.)*, 40 F.3d 1084 (10th Cir.1994) (finding compelling that Congress declined adoption of 1984 proposed amendment adding bankruptcy courts to 28 U.S.C. § 451). The Seventh Circuit left the question unanswered in *In re Volpert*, 110 F.3d 494, 500 (7th Cir.1997) but in a footnote in a subsequent case stated that bankruptcy courts have the authority to impose sanctions under § 1927. *Adair v. Sherman*, 230 F.3d 890, 895 n. 8 (7th Cir.2000).

The Eighth Circuit questioned the jurisdiction of a bankruptcy court to impose sanctions under § 1927 but declined to rule on the matter. *Walton v. LaBarge (In re Clark)*, 223 F.3d 859 (8th Cir.2000); *Brown v. Mitchell (In re Arkansas Communities, Inc.)*, 827 F.2d 1219, 1221 (8th Cir.1987). The Fourth Circuit held that § 1927 applied to an attorney who had been "admitted to appear pro haec vice before the bankruptcy court ...." *Mitchell v. Sonies*, 56 F.3d 61 (4th Cir.1995).

Other circuit courts have considered whether a bankruptcy court is a court of the United States under § 451 for purposes of other statutes. *See e.g. Perroton v. Gray (In re Perroton)*, 958 F.2d 889, 896 (9th Cir.1992) (addressing 28 U.S.C. § 1915(a), bankruptcy court cannot be included in definition of court of United States under § 451); *Gower v. Farmers Home Administration (In re Davis)*, 899 F.2d 1136 (11th Cir.1990) (ruling bankruptcy court not United States court under 28 U.S.C. § 2412); *In re Becker's Motor Transp., Inc.*, 632 F.2d 242 (3d Cir.1980) (holding bankruptcy court not court of United States under 28 U.S.C. § 2201).

Under 26 U.S.C. § 7430, courts of appeal have held that a bankruptcy court is a court of the United States. *See e.g. In re Yochum*, 89 F.3d 661 (9th Cir.1996); *Grewe v. United States (In re Grewe)*, 4

F.3d 299 (4th Cir.1993), *cert. denied*, 510 U.S. 1112, 114 S.Ct. 1056, 127 L.Ed.2d 377 (1994). *But see Internal Rev. Serv. v. Brickell Inv. Corp. (In re Brickell Inv. Corp.)*, 922 F.2d 696 (11th Cir.1991).

The Second Circuit determined that the bankruptcy court and the district court are one court for purposes of 18 U.S.C. § 401 because the bankruptcy court is a unit of the district court. *U.S. v. Guariglia*, 962 F.2d 160 (2nd Cir.1992). In an earlier case, it ruled that a bankruptcy court may impose sanctions under § 1927 without discussing the jurisdictional issue. *Baker v. Latham Sparrowbush Assocs. (In re Cohoes Indus. Terminal, Inc.)*, 931 F.2d 222, 230 (2nd Cir.1991).

The courts which deny jurisdiction conclude that in order to impose sanctions under 28 U.S.C. § 1927, the court must be a court of the United States. 28 U.S.C. § 451 defines that term as "the Supreme Court of the Unites States, courts of appeals, district courts constituted by chapter five of this title, including the Court of International Trade and any court created by Act of Congress the judges of which are entitled to hold office during good behavior." 28 U.S.C. § 451. Bankruptcy judges do not hold office during good behavior, rather they serve for terms of fourteen years. 28 U.S.C. § 152(b). Under this analysis, a bankruptcy court is not a court of the United States and cannot impose sanctions under 28 U.S.C. § 1927. *See e.g. Regensteiner Printing Co. v. Graphic Color Corp.*, 142 B.R. 815, 818 (N.D.Ill.1992). Courts which have recognized jurisdiction have explained that a bankruptcy court, as a unit of the district court, must be a court of the United States although listed in the non-exclusive definition section of § 451. *See e.g. In re Kitchin*, 327 B.R. 337, 368 (Bankr.N.D.Ill.2005).

Courts in this district have imposed sanctions under § 1927. *See e.g. In re Lincoln North Assoc. Ltd. Partnership*, 163 B.R. 403 (Bankr.D.Mass.1993) (imposing sanctions without discussing jurisdiction dispute). Judge Lavien considered imposing sanctions under the statute but ruled that the facts did not warrant such a punishment. *In re Guimond Farms, Inc.* 10 B.R. 177, 179 (Bankr.D.Mass.1981). The First Circuit suggested that a bankruptcy court is not a court of the United States as defined in § 451 but did not rule on the issue. *In re G.S.F. Corp.*, 938 F.2d 1467, 1477 (1st Cir.1991) ("By its terms the Anti–Injunction Act does not govern bankruptcy courts. Its provisions restrict only [the courts enumerated in § 451]. . .").

Other courts have ruled that the language "court of the United States" within the statute is a bar admittance requirement for the attorney and not a prerequisite for the court imposing the sanction. *In re Kliegl Bros. Universal Elec. Stage Lighting Co., Inc.*, 238 B.R. 531, 553 (Bankr.E.D.N.Y.1999) ("Even if this court were not a court of the United States under § 451, given the open-ended language of § 1927, we see no reason why our authority to exercise the district court's jurisdiction in this matter as a core proceeding concerning the administration of the estate pursuant to 28 U.S.C. § 157(b)(2)(A) should be any more circumscribed . . ."); *Novelty Textile Mills, Inc. v. Stern*, 136 F.R.D. 63, 74–5 (S.D.N.Y. 1991) ("The reference in 1927 to an 'attorney . . . admitted to conduct cases in any court of the United States of any Territory thereof' does not require that the 'court' be read to mean 'court of the United States.' Indeed, such a reading would render meaningless the reference to attorneys admitted to practice before Territorial courts which, in chief Justice Marshall's memorable formulation, are 'legislative courts,' note 'constitutional Courts in which the judicial power conferred by the Constitu-

tion on the general government, can be deposited ....' ").

I find persuasive the decisions of those courts that have concluded that a bankruptcy court is a court of the United States because it is a unit of the district court. *See, e.g., Volpert v. Ellis (In re Volpert)*, 177 B.R. 81 (Bankr.N.D.Ill.1995), *aff'd* 186 B.R. 240 (N.D.Ill.1995), *aff'd* 110 F.3d 494 (7th Cir.1997); *In re Brooks*, 175 B.R. 409, 412 (Bankr.S.D.Ala.1994). To conclude otherwise ignores the establishment of the bankruptcy court as a unit of the district court in 28 U.S.C. § 151. Listing the bankruptcy court in the statute would be redundant. *Brooks*, 175 B.R. at 412.

I find unpersuasive the argument that the aborted proposed amendment of § 451 by the Bankruptcy Amendments and Federal Judgeship Act of 1984 indicates Congress' intent not to include a bankruptcy court in the definition. "The language that was to take effect on June 28, 1984, including bankruptcy courts as 'courts of the United States', was deleted because it was no longer necessary. BAFJA, to correct the *Northern Pipeline* deficiencies in the bankruptcy system, made bankruptcy judges 'units of the district court.'" *Id.* *See also In re Lawrence*, 2000 WL 33950028 *3 (Bankr.S.D.Fla.2000) ("unlike the Tax Court and the Claims Court, bankruptcy courts do not exist for jurisdictional purposes outside the umbrella of the district court."); *In re McGinnis*, 155 B.R. 294, 296 (Bankr.D.N.H.1993) ("One will search in vain in the statutes for the conferring of bankruptcy jurisdiction on any distinct entity comprising an Article I court. I may 'be known as' a bankruptcy court but that doesn't mean that there actually is some separate jurisprudential entity involved—anymore than Congress can make a 'pink rock-candy mountain' actually exist just by saying so."). As one court so accurately noted, "[u]nimplement-ed retrospective legislative pronouncements of what a current Congress now interprets a former Congress to have intended is hardly the equivalent of a statutory enactment. Therefore, § 451 must be interpreted wholly without resort to the historical analysis upon which *Perroton* and is progeny relies." *In re Kliegl Bros. Universal Elec. Stage Lighting Co., Inc.*, 238 B.R. 531, 553 (Bankr.E.D.N.Y.1999).

Judge Schmetterer spent a great deal of effort explaining the statutory analysis for his conclusion that a bankruptcy court can impose sanctions under 28 U.S.C. § 1927. *Volpert*, 177 B.R. at 85–91. I cannot improve upon his work. Based upon his case and the forgoing, I conclude that I have jurisdiction to impose sanctions under 28 U.S.C. § 1927.

## IV. *Conclusion*

Having found that I do have jurisdiction to decide this matter, I will schedule a status conference to consider any further evidence or argument with respect to the propriety of the underlying motion.